Per Curiam.

The defendants, by their recognizance, and which appears to have been taken agreeably to precedent, undertook for three things. 1st. That Jacob Jones should prove his liberty in the most proper and expedient Way. 2d. That he should personally appear in this court; *26 and 3d. That he should prosecute his suit in that behalf, .with effect. Instead of. a compliance with, these . -[*24] stipulations, *it appears that Jones has not proved his liberty, nor prosecuted his suit with effect, but has suffered judgment to be entered against him, as in case of non-suit, and has, at the prayer of the plaintiff, surrendered himself to him.
The condition of the recognizance has, therefore, not been performed. A party submitting to a nonsuit, does not prosecute the suit.to effect, (Garth. 519,) nor if the writ be abated for. any cause, will it save the recognizance, unless aff^ other writ be sued out with due diligence. The case given in Fitzherbert, (Nat. Brev., 68. A.) is very analogous to the ■ present. “ In a homine feplegiando, the plaintiff was bound by recognizance, in a certain sum of money to the defend- . ant’s use, that he Would sue him cum effectu. And it was held that, if the writ abate for any causé, yet he ought to sue another writ for the 'taking, <fcc.,-otherwise he shall forfeit his recognizance.
The only question that Can be raised is, whether the surrender to" the-plaintiff, and the acbept'ance by him, amounted . to a discharge of the recognizance. -We think there is no . ground for that opinion. There were good reasons for the stipulations in the recognizance, that the suit should be prosecuted to effect, and the- question of the freedom or servitude of Jones, be judicially determined. It would either silence the unjust préteñsions of the plaintiff, and forever den liver the man from bondage, Or it would quiet him in the lawful possession of his property.
We are, therefore, of opinion, that the plea is bad, and ■ that judgment must be rendered: for the plaintiff.
Judgment for the plaintiff.