Fleming
v.
Gilbert.

The time of the perform- ance of the con- dition of a bond may be enlarged by a *parol* agree- ment of the parties; and, where certain acts were done by the obligor, amounting to a substantial, though not to a literal perfor- mance of the condition, it was held, that evidence of a parol agree- ment of the obligee, to waive any fur- ther perform- ance, was ad- missible.
Where the cause of action is trifling, and the plaintiff re- covers only no- minal dama- ges, the court will not set a- side a verdict for the misdi- rection of the judge, if the plaintiff will e- lect to discon- tinue, without costs.

## Fleming *against* Gilbert.

THIS was an action of *debt* on a bond, dated the 3d *November*, 1805, to which there was the following con- dition : " that if the said *Elias Gilbert*, his heirs, &c. shall by the 1st day of *January* next, procure, or cause to be procured and delivered to the said *J. F.* or his heirs, &c. free from any expense or cost, a certain mortgage and bond, given by the said *J. F.* to one *Isaiah Gilbert*, bear- ing date the 25th *March*, 1806, for the sum of 500 dollars, and also discharge the same from the record of the said county ;" then, &c. The defendant pleaded the general issue, with notice of special matter, to be offered in evi- dence at the trial.

The cause was tried at the *Oneida* circuit, on the 6th of *June*, 1808, before the *Chief Justice*. At the trial, the defendant offered to prove, that on the 20th *December*, 1806, he procured the bond and mortgage mentioned in the condition of the bond, on which the present action was brought, and on the same day tendered them to the plain- tiff, and offered to do any act which he should require, for the further discharge of the bond and mortgage, and the plaintiff, not being advised what further acts were neces- sary to be done by the defendant, in order to discharge the bond and mortgage, agreed that the defendant might deposit the same with one *Judson Curtiss*, with whom the plaintiff agreed to deposit the bond given by the defend- ant, which were to be delivered to the respective parties, as soon as the defendant should perform such further di- rections as the plaintiff should give to the said *Curtiss*, relative to the discharge of the mortgage ; that in pursu- ance of this agreement, the defendant, on the 1st *January*, 1807, deposited the bond and mortgage with *Curtiss*, but the plaintiff did not deposit the defendant's bond with him, or give any further directions as to the bond and mortgage.

The defendant further offered to prove, that the plaintiff agreed, on the 20th *December*, 1806, that the defendant might deposit the bond and mortgage with *Curtiss*, any time before the 1st *June*, 1807 ; that soon after the 3d *November*, 1806, and before any money was due on the mortgage, the plaintiff surrendered the deed he had received for the mortgaged premises from *Isaiah Gilbert*, (to whom the mortgage was given for the original consideration money,) to him, and that *I. G.* by request of the plaintiff, and pursuant to an agreement between the plaintiff and one *Seely*, for the sale of the premises, conveyed the premises to *Seely*, who preferred that mode of conveyance, to receiving a deed from the plaintiff ; by which arrangement, made between all the parties, the mortgage was satisfied, and the plaintiff divested of all interest in the mortgaged premises, and could not be prejudiced by the bond and mortgage, which, however, were produced and offered to be delivered to the plaintiff at the trial. All this evidence was overruled by the judge, as matter of defence, but was allowed to go to the jury, in mitigation of damages.

The jury, under the direction of the judge, found a verdict for the plaintiff, for *six cents* damages.

A motion was made to set aside the verdict, and for a new trial.

*Gold*, for the defendant. It was competent to the defendant to set up the parol agreement, to enlarge the time of performing the condition of the bond, or to waive its performance altogether. No objection, as to surprise, could be made, as the whole agreement was stated in the notice annexed to the plea.* Where one party covenants to perform a certain thing, and the other stops him, or prevents the performance, it is sufficient ; he need not proceed further.† A tender to perform, in such case, is equivalent to a performance, and no action will lie for a breach of the covenant.

*NEW-YORK,*
*Nov. 1808.*

Fleming
v.
Gilbert.

* 1 *Esp. Cas.* 35. See also *Keating* v. *Price,* 1 *Johns. Cas.* 22. 1 *Vernon,* 240. *Vez.* 376. † *Doug.* 694., 1 *Term Rep.* 638. 545.

The plaintiff, then, had no right to recover for the breach of a condition, the performance of which was waived by his own act, and from the non-performance of which, he had suffered no damage whatever. There was a misdirection of the judge, and though the damages are trifling, there ought to be a new trial.

* 4 *Term Rep.* 753. But see *ante,* 239. *Hyatt* v. *Wood.*

In the case of *Wilson* v. *Rastall*,* Lord *Kenyon* decided, that a new trial was never refused where there had been a misdirection or mistake of the judge.

*Platt,* contra, insisted, that this was an attempt to defeat a bond by a mere *parol* and *executory* agreement, which could never be done. *Accord and satisfaction* is the only bar. A mere *accord*, or executory agreement, is no

† 1 *Bac. Abr.* 43.

bar.† The plaintiff's right of action on the bond, was perfect at law ; and the special matter offered in evidence, could only go in mitigation of damages. The notice of the agreement was also defective, and not according to the statute, which intended that such notices should be as explicit and certain as a special plea, so that the opposite party might come prepared to meet it. It did not appear that the mortgage had been cancelled as the act requires.

. As the damages were nominal, the court will not grant a new trial, for it has been repeatedly decided, that where the cause of action is trivial, a second trial will not be

† 1 *Johns. Rep.* 287. 3 *Johns. Rep.* 239. 1 *Johns.* *Cases,* 250—255.

granted.‡

THOMPSON, J. delivered the opinion of the court. The first question presented by this case is, whether the facts set forth in the notice, under the defendant's plea, afford a valid defence to the present suit. I am inclined to think that they do. The condition of the bond substantially is, that the defendant should, by a certain day, procure and deliver to the plaintiff, a bond and mortgage which he had given to *Isaiah Gilbert*, and to discharge the same from the record. The defendant, within the time limited, did procure the bond and mortgage, and tendered, and offered them to the plaintiff ; and did also offer to do whatever the plaintiff should require for the further discharge of the bond and mortgage, or the record thereof ; but the plain-

tiff, not knowing at that time what was further necessary, did discharge the defendant from the strict and literal performance of the bond, and entered into another engagement respecting the further proceedings. The plaintiff's conduct can be viewed in no other light than as a waiver of a compliance with the condition of the bond, so far as it related to a discharge of the mortgage on record ; and I see no infringement of any rule or principle of law, in permitting parol evidence of such waiver. It is a sound principle, that he who prevents a thing being done, shall not avail himself of the non-performance he has occasioned. Had not the plaintiff dispensed with a further compliance with the condition of the bond, it is probable that the defendant would have taken measures to ascertain what steps were requisite to get the mortgage discharged of record, and would have literally complied with the condition of the bond. We find the rule above alluded to, recognised in ancient as well as in modern decisions. Thus, where the condition of a bond was to raise a mill, the obligor came to the obligee, and told him every thing was ready to erect the mill, and asked him when he would have him come and put it up; the obligee answered, that he would not have it, and discharged him entirely of the erecting of the mill, and that was held sufficient to excuse him from the performance. (1 *Roll. Abr.* 453. pl. 5. *Year Book*, 2 *Hen.* VI. 37.)

So, also, in an action of covenant upon a charter-party, for demurrage, where it appeared that the ship-owner had waived all claim to demurrage, and consented that the time should be enlarged within which the cargo was to be discharged, Lord *Kenyon* said, that if the matter had been properly pleaded, it would have been a good and legal defence against any claim for demurrage. (1 *Esp. Cas.* 35.)

Upon the same principle, it is held that a tender and refusal, or waiver, (which must always rest in parol,) is equivalent to an actual performance ; (1 *Stra.* 535. *Doug.* 461.) and in *Keating* v. *Price*, (1 *Johns. Cas.* 23.) this

NEW-YORK, court allowed evidence of a parol agreement to enlarge
Nov. 1808. the time of performance of a written contract.

Fleming        There was, accordingly, a misdirection at the trial, in
v.        overruling the testimony offered as a defence to the suit,
Gilbert.    but as the recovery is but nominal, and the only contest
now is respecting the costs of the suit, it cannot be advisable that there should be a new trial, merely to give the defendant an opportunity to obtain, by a verdict, the costs already accrued, together with the costs of such new trial. It appears, therefore, to be proper that the motion for a new trial should be granted, with this *proviso*, that the plaintiff may elect, by the first day of the next term, to discontinue without costs.

The court has frequently decided, (*ante*, 241. and the cases there referred to,) that it would not, upon any strictly legal or technical objection, taken by the party moving, set aside a verdict or nonsuit, and grant a new trial, when there could be no other object in view than to obtain nominal damages. Two of the cases there referred to, were actions of trespass, but the same principle applies to this case ; and if the plaintiff will abandon the verdict he has obtained, it cannot be fit or discreet to add the trouble and expense of a new trial, in order to give the defendant the benefit of a verdict for costs. The *English* courts exercise their discretion on the subject of new trials, under the same rules.

In *Deerly* v. *Dutchess of Mazarine*, (2 *Salk.* 646.) the court refused to grant a new trial, though the verdict was clearly against law, because they held it to be agreeable to the justice of the case.

In *Macrow* v. *Hull*, (1 *Burr.* 11.) the defendant obtained a verdict directly against evidence, and the strict point of law, but the court would not interfere, because the trespass was trifling and frivolous, and the damages only nominal : And in another case, soon after, (1 *Burr.* 54.) Lord *Mansfield* held, that a new trial ought not to be granted to gratify litigious passions, upon every point of *summum jus*. These were cases where the jury had disre-

garded the evidence, and the law arising on it, but the same reason and the same rule apply, where the misdirection of the judge had influenced the verdict. It is not the source from whence the mistake originates, but the equity of the verdict in the one case, and the trifling and vexatious object of the new trial in the other, that prevents the interference of the court.

In *Edmundson* v. *Machell*, (2 *Term Rep.* 4.) the court of K. B. decided that they would not grant a new trial on a technical objection, in point of law, to the direction of the judge, when they saw justice had been done, though the misdirection in that instance, clearly swayed the jury. When a question on a misdirection arises, the first inquiry is, whether it was in a material point, and affected the merits of the case. The court always makes this inquiry, (3 *East*, 455. 8 *East*, 352.) and they are bound, in the exercise of a sound discretion, so to do, otherwise, there would be no end to new trials, and the remedy would be worse than the disease. " Is the court necessarily to grant a new trial," says Lord Ch. *Eldon*, (8 *Vesey*, jun. 169.) " if material evidence was rejected ? or is it not at liberty, supposing it material, to consider *in what degree it is so ;* and whether the materiality is such, that, because it was rejected, a new trial must be granted ?" We think, therefore, that a new trial ought not to be granted, if the plaintiff will waive the verdict.

Rule granted, *conditionally.*