## PHILIPS and BUTLER against ROSE.

*Where the plaintiff covenanted to build a mill in a certain place, and by a certain time, and in an action of covenant, averred that he erected the mill at the place, and by the time mentioned in the agreement; it was held, that parol evidence that the mill was erected at a different place, and after the time, by the consent and agreement of the defendant, did not support the declaration.*

THIS was an action of covenant, on articles of agreement, made between the parties the 23d *March*, 1804, by which the plaintiffs agreed to erect a frame of certain dimensions, on a certain lot, for an oil-mill, on or before the 15th *June* following; and the defendant agreed to make the press and other machinery for the mill, and to complete the mill; the plaintiffs finding all materials and boarding the workmen, &c. and when the mill was completed, the plaintiffs agreed to procure and lay in 4,000 bushels of flax seed, and the defendant to make it into oil, &c. and after reimbursing the plaintiffs out of the sale of the oil, the residue was to be divided in certain proportions, between the parties; and the defendant agreed to lend the plaintiffs 1,100 dollars, on the 1st *September*, for six months, for which the defendant was to be allowed 100 dollars, and to retain the 1,100 dollars out of the proceeds of the first sales.

The declaration recited the agreement, and the plaintiffs averred that they fulfilled their part of it, as to erecting the frame of the mill, by the 15th *June*, &c. and alleged a breach of the agreement on the part of the defendant.

The cause was tried at the *Onondaga* circuit, the 3d *June*, 1811, before Mr. Justice *Yates*.

The plaintiffs, after proving the agreement, gave in evidence, that the frame of the mill was erected, but not

NEW-YORK,
October, 1811,

PHILIPS
v.
ROSE.

until the 15th *September* following the 11th *June*, 1804; and that the defendant declared afterwards, that it was immaterial whether the frame was erected by the 15th *June*, or not, and that its not being finished by the 15th *June*, was no damage to him, as he had not procured the workmen, or the money. This evidence was objected to, but admitted. Parol evidence was also admitted to show, that though the mill was not erected on the spot mentioned in the agreement, and though it was not of the exact dimensions specified, the defendant had consented to the alterations, and assisted in fixing the spot, and directing the workmen in erecting the building. This evidence was objected to, as not supporting the declaration, but it was admitted by the judge. The plaintiffs proved that the defendant performed no part of his agreement; and the jury found a verdict for the plaintiffs, for 48 dollars and 63 cents, damages, subject to the opinion of the court on a case. It was agreed, that if the court should be of opinion in favour of the defendant, a judgment of nonsuit should be entered.

The case was submitted to the court, without argument.

*Per Curiam.* This case falls precisely within that of *Little* v. *Holland*, in the K. B. (3 *Term Rep.* 590.) The contract must be proved, as it is laid, otherwise the defendant has no notice of what he is called upon to answer. Evidence that the contract was enlarged by *parol* agreement, will not support the declaration.'a) According to the stipulation in the case, a judgment of nonsuit must be entered.

Judgment of nonsuit.

(a) See *Keating* v. *Price*, (1 *Johns. Cas.* 22.)