Johnson, J.
delivered the opinion of the Court.
The case of Littler v. Holland, 3 T. R. 590, is decisive of the question raised here. There the plaintiff covenanted to build two houses by a certain day; and in an action for the price to be paid for them, averred that they were built within the time. It was held, that proof, that the time had been enlarged by parol, did not support the averment; and Lord Kenyon, who delivered the opinion of the whole Court, says, “thispoint is so clear, that I am not inclined to grant a rule to shew cause. The declaration charges that the parties had stipulated by deed, toper- *91 fem a specific thing on a certain day; then if the plaintiff who sues on that contract, be not bound to prove it as laid, the defen-dent has no notice of that which he is called to answer.”
The doctrine of Lord Ellenborough in White v. Parkin, 12 East, 584, that where a contract is under seal,' the parties cannot dispense by parol with the performance of any of the covenants in it, and which has been referred to by the counsel opposed to the motion, would, if literally applied, be destructive of the plaintiff’s case; for it is not pretended that he was ready, or offered to perform his part of the contract, with respect to the time at which his services were to commence; and the very foundation of his claim to maintain this action is, that the defendant agreed to dispense with it by parol.
The general rule clearly is, that parol evidence is inadmissible to add to, vary, or contradict the terms . of a written contract. But I am unable to perceive, that this rule has been violated in the evidence given in this case. By the terms of the covenant on which his action is founded, the plaintiff was bound to render the defendant a year’s services as clerk, for which he was to pay him four hundred dollars; and the agreement to dispense with those services, until he should recover his health, neither adds to, varies, or contradicts the deed, but, on the contrary, fully recognizes its existence and legal operation. ' The case of Fleming v. Gilbert, 3 Johns. 528, is in point. That was an action on a bond, conditioned that the defendant should, by the 1st of January then next ensuing, procure and deliver to the plaintiff a certain bond and mortgage, and discharge the same from the record of the county, &c. The defendant offered to prove, that it was agreed between them by parol, that he should have until the 1st of June after to perform the covenants. The Judge on circuit rejected the evidence as a ground of defence, but suffered it to go to the jury in mitigation, and a verdict was found for the plaintiff for six cents damages ; but on an appeal to the Supreme Court, it was held, that the evidence was admissible as a matter of defence. The same doctrine is laid down in the case of Keating v. Price, 1 Johns. Cases, 22. On the merits of the case, therefore, I am with the plaintiff; but, as before shown, the proof did not. support the averment in his declaration, and on that ground the motion for a nonsuit must prevail.
Motion granted.