## PARKER *vs.* MERRILL & ALS.

The declarations of one copartner, made after the dissolution of the copartnership, concerning facts which transpired previous to that event, are admissible evidence for the plaintiff, in an action against all the members of the copartnership.

In an action of *assumpsit* for monies advanced, and for the amount of certain bills accepted by the plaintiff for the defendants' benefit, it appeared that at the time of dealing, the defendants were copartners in trade, and that since the commencement of this action the copartnership had been dissolved. At the trial, the plaintiff offered in evidence a letter addressed to him by *Andrew Scott*, one of the late partners, since the dissolution of the copartnership; containing admissions of certain facts relative to the subjects in controversy. The defendants objected to this evidence, but the Chief Justice admitted it, and reserved the point for the consideration of the court, a verdict being returned for the plaintiff.

*Longfellow*, for the defendants, argued against the admission of the letter, from the great mischiefs resulting to the commercial world, if one partner, after the connexion was dissolved, should be permitted to create a right of action against the company. For such, he said, was the amount of the principle contended for. The distinction attempted to be made, between admitting facts, and making a new promise, is merely a difference of words. The effect of both is the same; since it is as easy to admit the existence of facts which give a right of action, as to make an express promise in words. The cases on this subject are somewhat contradictory, but the weight of authority is with the defendants. *Hackley v. Patrick*, 3 *Johns.* 536 ; *Walden v. Sherburne*, 15 *Johns.* 409 ; 3 *Kent's Com.* 25 ; *Bell v. Morrison*, 1 *Pet.* 351 ; *Walker & al. v. Duberry*, 1 *Marsh.* 189 ; *Wood v. Braddick*, 1 *Taunt.* 104. Here also, the contract having been made in New York, where the plaintiff resides, it is to be governed by the *lex loci contractus*.

*Greenleaf, Adams,* and *Cummings,* for the plaintiff.

PARRIS J. delivered the opinion of the Court.

During the continuance of a copartnership, each individual member, so far as it relates to the subject matter of the partnership concern, is the authorised agent of the rest, clothed with authority to dispose of the common property, to pledge the credit of the company, and to contract for his associates in affairs essential to the general object. The acts and admissions of each member, with reference to the common object of association, are considered in law as the acts and admissions of all. But upon the dissolution of the company, the power of the several members to bind the copartners in new contracts, is at an end. So far as it regards future contracts they stand in no other relation to each other than if the copartnership had never existed.

The very act of dissolution implies a discharge from all liabilities growing out of subsequent transactions, inasmuch as the parties have become distinct persons, and are no longer members of the association.

So it has been decided, that after the dissolution, one of the persons who composed the firm cannot put the partnership name on any negotiable security, even though it existed prior to the dissolution, and was for the purpose of liquidating the partnership debts, because it created a new liability. Indeed, the whole range of decisions both in the American and English books, upon this point, concur that whenever a new debt or a new cause of action is to be created after the expiration of the partnership, it can only be done by the individual act of each copartner.

This case is *assumpsit,* as charged in the general counts for money had and received, and lent and accommodated ; and arose out of certain transactions between the parties in the acceptance of sundry drafts on the plaintiff, as an advance on, and on account of sales of cargoes consigned to him by the defendants. Now, if there be any ground of action, when, in the language of the decisions, was the debt created, and by what was it created ;—when and from what did the contract arise ? Was it by the acceptance of the defendants' drafts, or was it by the transmission of the letter offered in evidence ?

If, as was unquestionably the case, the legal liability arose at the time of the acceptance or payment of the drafts, then the letter did not create any cause of action, nor is it evidence of any arising subsequent to the dissolution. The facts existing during the copartnership, to wit, the acceptance or payment of the drafts, form whatever foundation there may be for this suit; the consideration of the alleged promise, whether express or implied.

The letter is not offered as evidence of the acceptance of the defendants' drafts, nor as evidence of any new promise; neither does it purport to bind the late copartners in any new contract, for no contract is attempted to be created by it. It is a naked statement, by *Scott*, of facts which existed previous to the dissolution, and of which he, from his situation in the copartnership, may be presumed to have been more particularly acquainted than either of the other copartners. If then, the transactions on which this suit is brought took place with the copartnership, and during its continuance, as was proved by testimony other than *Scott's* letter, how is the liability of the partners, arising therefrom, affected by a dissolution?—So far as regards their relation to the creditor, they are equally bound after as before; each answerable to the creditor *in solido*; each answerable as well in his individual as in his partnership capacity. His private property is liable now, it was liable before; his person is liable now, it was so before; the partnership property is liable now as it was before. So far then, as it respects the debtor's liabilities to the creditor, they are in no wise changed by a termination of the general partnership. There is a community of interest in relation to all partnership transactions, which will continue so long as they remain unadjusted, and from the liabilities of which, neither partner can escape by dissolution. A community of interest or design, will frequently make the declaration of one the declaration of all. As in the case of co-trespassers, if they be proved to be such by competent evidence, the declaration of one, as to the circumstances of the trespass, will be evidence against all, who are proved to have been engaged in the common object. And wherein is the difference, in the application of the principle to cases of *tort* or contract? If it be first shewn, as it should be, that the defendants have a community of

Parker *v.* Merrill & als.

interest in the subject matter to which the declaration relates, whether they be *tortfeasors* or co-defendants in *assumpsit*, why may not their several declarations, touching the common interest, be given in evidence against all. Of the weight of such testimony the jury will be the proper judges. If the admission proceed from an associate, who had been an active member of the company ; if it be of a fact, with which, from the usual mode of transacting the company business, he would be likely to have a particular knowledge ;—if, by such admission, he would himself be charged, and, being able to meet his proportion of the liability, there appear no circumstances of suspicion as to the purity of his motives, it might well have influence with a jury. We do not say that it should be considered as evidence against all the associates, of as high a character as against the individual by whom the admission is made ; but that it may be safely received and weighed according to its just value. There may, indeed, be cases of fraud, in which the plaintiff may attempt to support a doubtful cause by false admissions of a worthless and dishonest co-defendant. Such cases, when they arise, may also be safely left to the discernment of a jury, who will take into consideration all the circumstances of the admission, the situation of the individual by whom it was made, and the motives by which he might have been influenced.

Such a course seems best to comport with the liberality of modern practice, in all doubtful cases to admit, especially as rejection is peremptory and absolute ; to open wide the avenues of information to the jury, that this co-ordinate branch, which is particularly charged with finding the facts, may have the advantage of every circumstance conducive to a correct decision. But to let in the declarations or admissions of a co-defendant, it should be first clearly shown that he has a common interest with the other defendants in the event of the suit, and that the declarations are against, and not in relief of his individual interest. As in the case at bar, the admissibility of the letter as evidence depends very much upon the purposes for which it is offered, and the facts supposed to be proved by it.

If the point in controversy be, whether the original promise was binding upon the partnership, or upon *Scott* individually, and the letter be offered for the purpose of fixing the liability on the part-

nership, and consequently relieving him from a portion of a demand for which he might otherwise be holden ; or if its tendency be to throw upon the partnership what might otherwise rest exclusively on him, or at all to diminish his liability, at the expense of the company, we should hesitate long before assenting to its admission.  It would be violating the spirit of one of the plainest and soundest maxims of the law, that a party shall not make evidence for himself.  If, on the other hand, the joint liability of the late copartners, whatever it might be, having been proved or admitted, the question in controversy be one in which the defendants, as former partners, are clearly interested, all being liable if either, liable as copartners if liable at all, and the letter be offered merely to show the extent of that liability, or the existence of a fact upon which it depended, we think it may be safely admitted, as coming from a party whose opposing interest precludes all inducement to fabricate.  The decisions in the American courts have been contradictory upon this point.  The cases of *Hackley v. Patrick & Hastie,* 3 *Johns.* 528, and *Walden v. Sherburne,* 15 *Johns.* 424, cited in the defence, are high authority, as are all the decisions of that learned court.  But the principle decided in the former seems to go no farther than that the acknowledgement is not conclucive upon the copartners ; for the court say, the plaintiff ought to have produced further evidence of the debt ; the acknowledgement of *Hastie* alone was not sufficient to charge *Patrick.*

That, it will be found, was a case of a hypothetical admission, by one partner, of a large balance due from the partnership concern, more than three years subsequent to its dissolution ; and the plaintiff relied solely upon this general conditional admission to support his action.  Well might the court say, he ought to have produced further evidence, and that such an acknowledgement was not alone sufficient.  The decision in *Walden v. Sherburne* is a mere recognition of that in *Hackley v. Patrick.*

In *Martin v. Root & Hunt,* 17 *Mass.* 227, the court say " *Hunt* and *Root* being joint contractors, the confession of one operates upon both ; as in the case of the statute of limitations, a confession that payment has not been made ; or in the case of joint drawers or en-

dorsers of promissory notes and bills of exchange, a confession of demand made or notice given. It is the confession of a party. The objection to *Hunt's* statement, that it is the confession of a partner after the copartnership, cannot prevail. For it is the confession of facts which took place before the dissolution ; and it may be doubted whether the joint interest is dissolved until the note is paid." See also *Hunt v. Bridgham,* 2 *Pick.* 583 ; *White v. Hale,* 3 *Pick.* 291.

In *Geddes v. Simpson & Morrison,* 2 *Bay,* 533, the plaintiff's counsel produced a letter from *Simpson,* one of the copartners and defendants, acknowledging the receipt of an account current from the plaintiff, and, that the balance was justly due to the plaintiff as stated. To this evidence the other defendant, *Morrison,* took an exception, that the letter did not bind him, as it was written since the dissolution of the copartnership, and without his knowledge or approbation.— The court overruled the objection, inasmuch as this was no new contract or undertaking since the partnership was dissolved. It was not like a new contract, made since the dissolution, but only evidence of one made and fully due while the copartnership existed. See also, *Bulkley v. Landon,* 3 *Conn.* 79.

The decisions of the English courts bearing upon this question, since the case of *Bland v. Hasselrig,* 2 *Vent.* 151, have been uniform. In *Rex v. Hardwick,* 11 *East* 588, it is said by *Le Blanc, J.* and acquiesced in by the court, that when a suit is pending against a number of persons who have a common interest in the decision, a declaration made by one of those persons, concerning a material fact within his knowledge, is evidence against him and all the others, parties with him to the suit. That such a person not being liable to be called upon to give evidence upon oath of the facts, as being a party to the suit, his declaration of it must be evidence for the opposite party. In *Wood v. Braddick,* 1 *Taunt.* 104, *C. J. Mansfield* said, the power of partners with respect to rights created pending the partnership, remains after the dissolution. Since it is clear that one partner can bind the other during all the partnership, upon what principle is it that from the moment when it is dissolved his account of their joint contracts should cease to be evidence ; and that those, who are to day as one person in interest, should tomorrow

become entirely distinct in interest with regard to past transactions, which occurred while they were so united ? and *Heath, J.* said— " is it not a clear proposition, that when a partnership is dissolved, it is not dissolved with regard to things past, but only with regard to things future ? With regard to things past, the partnership continues, and always must continue."

In *Van Reimsdyk v. Kane,* 1 *Gall.* 635, *Story J.* says, " in cases of partnership, the confession of one partner, in relation to a partnership concern, is in general admissible in an action against the other. It is admissible to take a case out of the statute of limitations, and to establish not merely the amount, but the existence of a joint demand *even when made after a dissolution of the partnership.*"

We are aware that in the recent case of *Bell v. Morrison,* in the Supreme Court of the United States, 1 *Peters,* 371, it has been decided, that, after the dissolution of a partnership, one partner cannot, by his sole act, revive against all the partners an action barred by the statute of limitations. The doctrine laid down in that case is this, that the acknowledgement is not to be deemed a mere continuation of the original promise, but a new contract, a new cause of action ; and as no partner can, subsequent to the dissolution, create a new contract binding upon the others, he cannot remove the bar created by statute. The distinction between the principles involved in that case, and the one at bar, is obvious. In this there is no pretence of a new contract growing out of *Scott's* letter.

That was written since the commencement of the suit ; consequently, the suit cannot be predicated upon any contract or cause of action created by it. The suit was commenced previous to the dissolution of the partnership, and, of course, whatever cause of action the plaintiff is now endeavoring to enforce against these defendants, accrued during its continuance.

Admitting the full force of the decision of *Bell v. Morrison,* it does not touch the case before us. But it is by no means certain what would have been the decision in that case, had it originated here. It is apparent, as the court say, that their reasoning has been principally influenced by the course of decisions on that subject in the courts of *Kentucky,* where the suit was originated, and that the

court, in conformity with its general practice, follows the local law, and administers the same justice which the State courts would administer between the same parties.

It is also objected by the defendant's counsel, that inasmuch as the plaintiff is an inhabitant of the State of *New York,* and the courts of that State do not admit the declarations of a partner, made subsequent to the dissolution, to be given in evidence against a former copartner, the same principle ought to be applied to the plaintiff, while pursuing his remedy in the courts of this State. It is a settled principle of law, that contracts are to be construed by the laws of the country where they are made and to be performed, and that the respective rights and duties of the parties are to be defended and enforced accordingly. But courts have never gone so far as to permit their forms of proceeding to be controlled by the laws or judicial decisions of another State. The construction of a contract, or its nature or validity may be thus affected ; but the form of action, the mode of proof, and the course of judicial proceedings, must depend entirely on the laws of the State in whose courts the contract is attempted to be enforced. Upon a view of the whole case, we are all satisfied that the letter of *Scott* was properly admitted, and that there must be judgment on the verdict.