The Ci-iiee Justice delivered the opinion of the court.
The reason assigned for reversing the judgment of the Court of Common Pleas, is, that “ on the trial of the appeal, parol evidence was admitted to vary from and contradict a written agreement of the parties.”
The legal position stated by the plaintiff’s counsel, is maintained by the cases he cited, and is, without doubt, correct. The general rule of evidence, though sometimes difficult in its application to indvidual cases and hence the cause of much legal investigation and controversy, is, nevertheless, fully established and universally recognized. Parol ■evidence is not admissible to contradict, alter, or vary a written instrument either appointed by law or by the compact of the parties, to be the appropriate and authentic memorial of the particular facts which it recites. Where *208 the terms of an agreement are reduced to writing, the document itself being constituted by the parties as the true and proper expositor of their admission and intentions, is the only instrument of evidence, in respect of that agreement, which, so long as it exists, the law will recognize for the purposes of evidence. Such being the law, -to ascertain whether it governs the case before us, let us examine the facts as presented by the return to the certiorari. Cheeseman sued Perrine, among other things, for work and labor done in November and December, 1826, and March, 1827, in the repairs of certain premises belonging to the latter, then held by the former. To repel this demand, Perrine on the trial, gave in evidence a written lease of the premises from the 1st of April, 1825, to the 1st of April, 1826, having thereon an indorsement in writing, signed by both parties, with, like the lease itself,’ scrolls or devices in ink, by way of seals, and attested by two subscribing witnesses, in the following words : “ This is to certify that I do' agree to ■ allow Enoch Cheeseman all reasonable charges for repairs on the same property where he now lives, for a year next *176] ensuing, as witness my hand and *seal this 14th day of March, 1826, which both parties doth agree to fulfil the within lease.” Cheeseman, on his part, then offered to prove by one of the subscribing witnesses, and by another person, “that they were both present at a time'a verbal, contract was entered into between the said Enoch Cheese-man and the said Peter Perrine, for the rent of certain premises for one year, from the' 1st day of April, 1826, of which the said Enoch Cheeseman was then in possession, under a certain lease from the said Peter for the preceding year; that it was agreed between them, that the terms of' the said agreement should be endorsed on the copies of the leases held by each of them, and signed by the parties respectively; that it was so indorsed on the lease held by Peter Perrine, but that before the endorsement was made ■ on the lease held by the said Enoch Cheeseman, some diffi *209 unities arose between the parties, and they agreed to do away the leases altogether, and it was expressly agreed that the old lease and the indorsement made on the copy held by Peter Perrine, should be of no effect, and of course nowise binding between the parties in their contract; and that they would make a new verbal contract without any reference to the old one.” And Oheeseman farther offered to prove by the said witnesses, that accordingly a new agreement was verbally made between the parties, and also the terms of that agreement. The evidence thus offered, was objected to by Perrine, but admitted by the court.
Upon the facts thus exhibited, it is manifest that the evidence proposed on the part of Oheeseman, was not for the purpose of varying from or contradicting an agreement in writing, which always pre-supposes a subsisting agreement actually entered into by the parties ; but to shew that such agreement in writing neither then had nor ever had existence, because, although inchoate and originally designed, it had never been consummated; and because, even if made, it had been rescinded by a subsequent agreement. The question then really raised, and to be decided on a review of the opinion of the Court of Common Pleas, is, whether the parol evidence was competent in this case for either of these purposes.
In the first place, then, the evidence was competent to shew that the written agreement produced by Perrine, never had legal ^existence; for such was the result, if the [*177 matters proposed to be shewn, were in point of fact sufficiently established; and proof of such matters can seldom, if ever, be made otherwise than by parol. The parties, it seems, had verbally agreed upon the terms of their contract, and had resolved, and such, therefore, was part of their agreement, that these terms should be reduced to writing. They had stipulated that instruments of writing to be endorsed on the leases they mutually held, should he the evidence of their agreement. Until these instruments were *210 both executed, it is evident the agreement was inchoate only, and had no binding efficacy or legal existence. When one only of them was signed, a difficulty arose, the other was not executed, and, consequently, the agreement never came into life. To produce, therefore, by Perrine, the instrument which had been taken by him, was an attempt to set up an incomplete for an actual subsisting agreement; and might lawfully be repelled, by such proof as was offered on the part of Oheeseman and received by the court. Even if a lease, signed and sealed by both parties, had been produced, it would have been clearly competent to prove by a subscribing witness, that instead of counterparts or instruments, each to be executed by one of the parties, two instruments, each to be executed by both parties, were agreed on, and that one only being executed and taken by one of the parties, he had declined or refused to execute the other. In such case, the parol evidence does not usurp the place, or arrogate the authority of written evidence, but it is designed to shew that the instrument, never having legally had existence, ought not to be allowed at all to operate.
In the second place, the evidence offered was competent to shew that the contract contained in the indorsement had been rescinded by a subsequent verbal agreement of the parties.
Contracts are distinguishable into two classes, simple contracts and contracts by specialty; in other words, contracts by parol and contracts under seal. Contracts reduced to writing, but without seal, are comprehended under the first class, or simple contracts. There is no distinct class of contracts merely in writing. Rann v. Hughes, 7 T. R. 350; Ballard v. Walker, 3 John cases, 65. Per Kent, J. An executory agreement in writing, not under seal, may, before breach, be discharged, abandoned, or rescinded, by a *178] subsequent unwritten agreement. Goman *v. Salisbury, 1 Vern. 240; Langdon v. Stokes, Cro. Cra. 383 ; May *211 v. King, 12 Mod. 538; Buller N. P. 152; Com. Dig. tit. Action on the case upon assumpsit, G. 326; Pich v. Jackson, 4 Bro. C. C. 419; Coles v. Trecothic, 9 Vez. 250; Pitcairne v. Ogbourn, 2 Vez. 376; Keating v. Price, 1 John, cases, 22; Fleming v. Gilbert, 3 John. Rep. 528; Botsford v. Burr, 2 John. Ch. Rep. 416.
The indorsement on the lease before us, as well indeed as the lease itself, falls under the denomination of a simple or parol contract. There is no seal affixed to it. Wax, wafer, or something susceptible of receiving an impression, is necessary by the law of New Jersey, to constitute a seal, except in instruments for the payment of money, to which a scroll or ink, or other device, affixed by way of seal, has, by the statute, the same force and obligation as if sealed with wax. Rev. Laws 305, sec. 1; Hopewell v. Amwell, 1 Halst. 169. The argument of the plaintiff’s counsel, drawn from the want of the term, only, after the words payment of money, in the section referred to, cannot prevail; because as the statute introduces an exception merely to the general rule, the sound construction must be precisely the same as if the term, only, had been inserted. ITence it results, that the contract contained in the indorsement, being a simple contract, might lawfully be rescinded by a subsequent parol agreement; and parol evidence to shew it was so rescinded, was competent and admissible.
In the decision of the Court of Common Pleas, there is, therefore, no error apparent to us.
Let the judgment be affirmed.