BURLINGTON, MAY TERM, A. D., 1851.

---

In the fifth year of the State.

---

PRESENT:

HON. JOSEPH WILLIAMS,
HON. J. F. KINNEY,
HON. GEORGE GREENE.

3g 16
85 553
3g 16
88 173
Greene
3g 16
38 524

---

### TAYLOR *et al.* v. GALLAND *et al.*

A party waves his objection to the ruling of the court on demurrer by amending his declaration to meet the objection, and going to trial on the merits.

Where a written contract appears on its face to be complete, it cannot be modified, varied or contradicted by parole proof; but if the writing seems to express only some parts of an agreement, parole evidence is admissable to prove other silent or doubtful parts of the contract.

Where a sheriff, nominally made plaintiff in connection with others who were the real parties in interest, was called upon to testify in behalf of the defendant, it was held that his testimony was admissable, but not so when called upon to testify in behalf of his co-plaintiffs.

A written contract made between parties to a suit to compromise and settle, is valid, even if made without any other consideration.

2

Taylor *v.* Galland.

A settlement of the cause of action in replevin by one joint defendant is a settlement as to all.

Torts such as die with the party cannot be assigned ; but those affecting rights vested *ad rem* and *in re*, possibilities coupled with an interest, and claims growing out of and adhering to property may pass by assignment.

In a contract between B. and H., B. at the time performed his part of the covenants by executing a bill of sale, while H. was to perform his covenants in future in the management of a suit, &c., all of which were averred to have been performed by the pleadings—and not traversed—held that it was unnecessary to prove performance in order to a recovery.

When parties undertake to settle a legal controversy by assigning their respective conflicting claims to a third party in interest, a court of law will favor such assignment, so far as it can be done consistently, with established principles of law, even if such assignment does not amount to a technical release or accord and satisfaction.

ERROR *to Lee District Court.*

*Opinion by* WILLIAMS, C. J.  Suit on replevin bond brought in the district court of Lee County to September Term 1849 at Keokuk.

Isaac Galland instituted an action of replevin against Peter Miller and others claiming to be the rightful owner of the Steam Boat Kentucky, which he alleged was unlawfully and against his right in the possession of the said Miller and others.  He filed his bond in the sum of four thousand dollars as required by law with said Hughes and Rudd as his securities.  The writ was executed by Hawkins Taylor the sheriff.  The boat was replevined and delivered to the plaintiffs in the action by virtue of the bond in pursuance of law, on the thirteenth day of September, 1849.  This suit was brought on the replevin bond by Hawkins Taylor, the sheriff, to whom the same had been given for the use of Daniel Baker from whose possession the boat had been taken by virtue of the replevin and delivered to Galland. He having failed to prosecute his action of replevin with effect ; and having failed also to pay the damages assessed by the jury and adjudged by the court against him in said action, a trial was had and on the 13th day of February, 1850, a verdict was rendered in favor of the defendant.  On the trial of the cause several questions of law were present-

Taylor *v.* Galland.

ed and decided by the court.   Exceptions were taken, and upon writ of error the case is brought for final adjudication to this court.   The plaintiff below filed his declaration on the bond.   The defendants pleaded *non est factum* together with a notice of special matter in defence of the action. The special matter set forth is as follows in substance: "That before the trial of the suit of replevin in the declaration mentioned between Isaac Galland—one of the defendants in this suit—and David S. Baker for whose use this suit is brought and others therein named as defendants said Ross B. Hughes one of the defendants in this suit purchased of said Galland all his title, right, claim and interest in and to the said boat Kentucky, her apparel and furniture.   And also that said Hughes purchased of said Daniel S. Baker all his title, right, claim and interest, in and to said steam boat Kentucky, her apparel and furniture; the said steam boat Kentucky, being the boat in controversy in said suit of replevin so that before and at the trial of said suit in replevin and since, said Hughes owned and was possessed of the entire title, right, claim and interest of the said Galland and also the said Daniel S. Baker in and to said boat by regular and valid purchase and conveyance therefor which they or either of them had in said steam boat, her apparel and furniture.   And also at the time of the purchase of said boat by said Hughes of said Baker as aforesaid, it was agreed upon between the said Hughes and the said Baker that said Hughes should have the entire control and direction of said suit of replevin so far as said Baker had any interest, or rights therein; that said suit if defended or prosecuted in the name of said Baker was to be prosecuted or defended at the risk and expense of the said Hughes and not of said Baker; and that said Hughes was to have and receive all the benefit, advantages and avails of the suit and was to indemnify and save harmless the said Baker of and from said suit and the costs and expenses thereof in all respects ; that Hughes kept and performed his part of the agreement and in pursuance thereof, did by himself and counsel employed

by him represent said Galland, and also said Baker in the replevin suit aforesaid on the trial thereof. That said Baker recovered the judgment of three thousand dollars on the ground and by reason of said Baker's interest and title in said steam boat, purchased as aforesaid of him by said Hughes, and that said judgment was recovered by direction and under advice of counsel employed by said Hughes, representing said Baker's interest in said suit, that in fact said Hughes was as aforesaid, the owner of said Baker's title and interest in and to said steam boat. That said Baker did not during said trial of the suit in replevin, direct or control, or defend said suit, or take any part in the representing or protecting his interest therein, but that the said Hughes did the same at his own expense, and in pursuance of said agreement; and further that said defendant D. F. Rudd is only security in the replevin bond in said suit in replevin, and is now sued as such.

The plaintiff's counsel moved the court to strike the notice of special matter as filed by the defendant's counsel from the case on the ground that it furnished no bar or defence to the plaintiff's action; which motion was overruled by the court. To this ruling of the court, the counsel for the plaintiff took and filed an exception. Upon the finding of the jury in favor of the defendants, the counsel for the paintiffs filed their motion for a new trial.

To sustain the motion for a new trial the following reasons were assigned, viz:

1. The court erred in admitting improper testimony for defendant.

2. The court erred in refusing testimony offered by the plaintiff.

3. The court erred in its instructions to the jury and in refusing instructions asked by the plaintiff.

4. The verdict is against law.

5. The verdict is against the evidence.

6. The verdict is contrary to the instructions of the court.

Taylor *v.* Galland.

7. The jury mistook the evidence and the law.

The court overruled the motion for a new trial and plaintiff's counsel excepted by bill filed.

The record shews that on the trial of the case in the court below after the plaintiff had offered and read in evidence to the jury the proceedings in the action of replevin and the judgment execution, &c: the defendants in accordance with the ruling of the court read in evidence the bills of sale of the steam boat Kentucky from Galland, the defendant, and Baker the plaintiff, in the replevin suit to Hughes who is security in the replevin bond and one of the joint defendants in this suit on the bond. To the introduction of which testimony the plaintiffs objected and excepted.

It also appears by the bill of exceptions in the case that the court permitted the facts contained in the notice of special matter accompanying the plea of *non est factum*, to be given to the jury in evidence, and that the plaintiff's counsel objected to the evidence thus offered and given to the jury on the ground that it was setting up a parole agreement to contradict the record—irrevelant to the issue —that it contradicted the written agreement. Exceptions are also taken and filed of record in the case to the instructions given by the court to the jury: but, as these instructions relate to and involve the same subject matters which are contained and presented in the other bills of exceptions touching the evidence, we will take them into consideration and dispose of them together, and as they are presented in the assignment of errors and the arguments.

The first error assigned is, "That the court erred in sustaining the defendant's demurrer to the plaintiff's declaration." The record shews that upon the judgment of the court below sustaining the demurrer, the plaintiff's counsel instead of standing upon his objection to the ruling of the court, amended his declaration and proceeded in the trial by jury on the merits. By doing so he waived all objections to the action of the court on the demurrer. This point has been heretofore settled and the doctrine well established.

The second assignment of error is "That the court erred in overruling the plaintiff's motion to strike from the file the matters contained in the notice under the defendant's plea." In connection with the subject matter of this assignment, we will consider that part of the third assignment which relates to the action of the court in allowing the verbal or parole testimony of the contract to go to the jury in evidence, and also the error assigned as to the instruction of the court to the jury on the same subject—the same questions of law arising upon each of them.

Does the matter contained in the notice furnish a legal bar to the plaintiff's action? If so it was proper that it should be pleaded and suffered to be proved as evidence for the jury in the case. The principle is well settled that where a written agreement has been executed between parties and manifestly purports to be an entirety—presenting a perfect contract concerning the subject matter thereof, it is the best evidence of what was agreed upon by the contracting parties. Such an agreement when executed cannot be modified, varied or contradicted by parole evidence of stipulations and agreements in regard to the same subject matters made before or contemporaneous with the execution of such written contract.

Where such contract appears on its face to be complete in its terms it is presumed to be the legal memorial of the understanding and intention of the parties thereto; and that by its execution they have mentally bound themselves to the observance and performance of its obligations: and that they are only to be held amenable to the law of the land governing it, which law enters into and becomes a part of it. The presumption is that if any thing more or less than such contract contains, had been agreed upon at the time or before, it would have been included therein, if the contracting parties meant to be bound thereby.

This rule is universally applied where the written agreement imparts a complete and perfect contract, expressive of what the parties had agreed upon. But exceptions to this

rule as well as to others of similar propriety, exist as to its application to written instruments generally. Where a writing seems to express only some parts of an agreement, parole evidence is admissable to prove the other parts, of which it is silent: or where a parole agreement is referred to without specifying its terms. In such cases the written agreement itself presents the fact that every thing which was agreed upon by the parties was not written therein and it leaves the contract referred to to be ascertained *aliunde* in accordance with the law of evidence. Cowen's and Hill's Notes on Phil. Ev. part 2, pp. 1471—1472; *Commissioners* vs. *McClement* 3, Pa. 122; *Sharp* vs. *Lipsey* 2, Bail 113.

However it is not absolutely *ascertained* that the written instrument itself shall contain within itself evidence rebutting the presumption that the agreement is complete and perfectly expressed. The writing may be and in the course of business often is executed for some specific end appertaining to the contract in carrying out its design—such as mere assurance or evidence of the transfer of the right to possess property or effects which are personal in their nature.

The case of *Jeffrey* vs. *Walton* 1st Starkie's Rep. 267, referred to in 3 Cowan's and Hill's Notes 1472, furnishes an illustration of the kind where the contract in writing was incomplete and *supplementary* matter by parole was allowed to be given on evidence as part of the agreement. On the same page of Cowan's and Hill's Notes on Phil. Ev. the case of *Knapp* vs. *Harden* is referred to, 1 Gale 47 Exch. H. T. 1835, where the price of goods sold was agreed on in writing by the parties and another arrangement was made, fixing the time of payment, it was there decided that the letter itself which fixed the price did not constitute an agreement, that it was not so meant by the parties. But the principle involved in the case at bar is settled we think by the court by decisions directly in point. "Where there is a writing importing a sale of personal property or any

other like instrument of transfer; it will not preclude the vendee from having an agreement between himself and the vendor cotemporaneous with the instrument and consistent with its terms that the value of the property should be applied to the payment of the defendant's debts. Parole evidence is admissible in cases of written instruments to procure collateral and independent facts about which the instrument is silent. *Hall* vs. *Maccomber*, 6 Gill and John 147, 157. *Kelsey* vs. *Dickson*, 2 Blackford, 236; 3 Id. 189.

In the case at bar the written instrument does not purport to be an agreement or contract in terms of stipulation as between the parties, but rather the result of the contract giving it effect, in due form of law, by passing and delivering the property which is the subject of the contract, to the purchaser. It is a mere bill of sale given to the party purchasing to enable him to take and hold the property which he had acquired by virtue of the agreement of sale. The bill of sale, instead of being the contract concerning the suit and the boat in controversy in it, we think must be considered as given by Baker in order to perform his part of the contract which had been made by parole between him and Hughes. In this view we think it cannot be properly taken as the only evidence of the contract. On the subject of verbal or parole agreements upon written contracts there has much been said in the books, and many decisions have been made. The rule as established seems to be that when the written instrument is incomplete or couched in terms so as to render it obscure or unintelligible; or where on its face it does not purport to be an entire contract between the parties but a new incident or result thereof parole evidence not varying or contradicting the writing, is admissible to prove so much of the contract as is not fairly ascertainable from the written instrument itself. In support of this doctrine we refer to 9, Picker. 298-9; *Monroe* vs. *Perkins* 3 Johns. 531; *Reed* vs. *McGreene*, 5 Ohio 384; 1 Greenleaf's Ev., § 302, § 203; 1 U. S. Dig. Supplt. 482 § 165;

Taylor *v.* Galland.

Story on Contracts, 597-8, § 671. There can be no doubt as to the propriety of the general rule that written instruments of contract cannot be varied or contradicted by parole evidence of facts which occurred before or cotemporaneously with the execution thereof. To it there are however exceptions, some of which we have noticed. Moreover there are instruments in writing which may be termed contracts, but which operate for some special purpose in relation to a contract in order to render it effective, and which do not set out the particular terms and conditions of the agreement of the parties, concerning the subject matter of the writing. Of this latter class we think the bill of sale here is an instance. The ruling of the court below in admitting in evidence to the jury the bill of sale and the parole evidence of the contract to which it related, was correct.

The plaintiff in error also contends that there was error in permitting the legal plaintiff, Hawkins Taylor, to testify on behalf of the defendants below.

Taylor being the officer who executed the writ of replevin which issued at the suit of Galland, and to whom the bond on which this suit is brought was given by the defendants in this action, is only the legal plaintiff. He sued for the use of Baker. He had no interest in the suit except that he was liable for the costs. We cannot see what valid objection could be raised to him as a witness, called to testify on behalf of the defendant. The interest arising from his position in the suit is such that it could not effect his testimony so as to exclude it; for he was called to swear against such interest. This objection to the proceedure of the court below, although formally raised, was not seriously urged. We find no error here. That the court refused to allow Taylor to testify for the plaintiff is also assigned for error. As he was the legal plaintiff, and liable for costs in the event of a failure to recover in the action, he could not be allowed so to testify.

B

Taylor v. Galland.

But it is alleged that the agreement made between the parties because it is without consideration, is not good in law. To this we answer, that the parties to the agreement were plaintiff and defendant, in action at law ; they had a right to compromise and put an end to the litigation pending between them. That Hughes was a co-defendant with others in the suit on the bond, could make no difference in the matter. An extinguishment, or settlement of the cause of action by one joint defendant, estops the plaintiff in the action as to all of them. Besides, by the contract Hughes agreed to indemnify Baker, and save him harmless in any event of the suit, and took upon himself all the responsibility of paying counsel and managing the cause to its termination, at his own expense and trouble. By this Hughes assumed new liabilities and responsibilities, which in effect accrued to the benefit of Baker ; and therefore a good consideration in law was created, to sustain the contract.

A new and additional obligation beyond what existed in the relation which the parties held to each other by reason of the original bond and the action upon it, raised a good consideration, for the contract, upon which the defence is set up.

It is alleged also, that the matter assigned is in the nature of a tort, and is not in law assignable. If the action were strictly personal, so that it died with the person and abated, the objection might be available. But this is not the case ; the subject matter in controversy consisted in property of a substantial specific, and tangible nature, susceptible of actual possession and value ; capable of being considered and rendered as assests or effects, such as would directly by operation of law upon the decease of the rightful owner, go into the hands of his administrator. Such being the case, it was such a chose in action as was legally assignable ; 1 U. S. Dig. 503, § B. 14; Story on Contracts, § 583 ; 19 Wend. R. 73 ; 1 Peters R. 213, 3 Cowan, R. 643.

Taylor *v.* Galland.

In general mere personal torts, such as die with the party cannot be assigned ; but rights vested *ad rem*, and *in re*, possibilities coupled with an interest, and claims growing out of and adhering to property may pass by assignment.

Then, is the defence set up, a good bar to the action in law? It is contended that it is not, because the defendant Hughes did not show performance of the contract on his part. To decide this question, it is only necessary to look to the contract. What is the intention of the contracting parties there manifested? Are the covenants mutual and dependant or independant? Clearly they are independant. Baker in direct terms parted with his right and claim to the boat, and the damage for dispossessing him of it, together with his interest in the bond sued and in action.— It cannot be pretended that Hughes was to perform his part of the contract cotemporaneously with that of Baker ; or that in any respect the covenants of the parties to the contract were mutual and dependant. Baker completed his at the time of the making the contract, by executing a bill of sale for the property in controversy ; and Hughes was to act *in futuro* in the management of the suit to its final disposition at his own risk ; and in any event to save Baker harmless ; all of which he averred he had performed.— When such is the nature of the contract, it is unnecessary to show performance in order to a recovery. 11 Pickering R. 154.

The last and only question which we deem it necessary to consider, is as to the sufficiency of the matter of contract, contained in the notice annexed to the plea of general issue. Is it a good bar to the plaintiff's action on the bond? We think it is. The statute provides " that the defendant may plead specially or may plead the general issue, and give notice in writing under the same, of the special matters intended to be relied on for defence on the trial, under which notice if adjudged by the court sufficiently clear and explicit the defendant shall be permitted to give evidence of the

facts therein stated, as if the same had been specially pleaded and issue taken thereon." Rev. Stat. 470, § 12. The notice as filed with the general issue, sets forth that Hughes, one of the securities in the bond and co-defendant, with Galland, the principal, and Rudd purchased from Baker—the plaintiff in the suit on the bond and claimant of the boat in there plevin suit—all his interest in and title to the boat; that he also bought Galland's interest, who was the plaintiff in the replevin suit and principal obligor in the replevin bond here sued. By these contracts he became the owner of the interests and claims of both the contending parties, who stand in the relation of plaintiff and principal defendants in this suit. Thus both interests become united in one right in him, by the assignments from Parker and Galland. This in effect, compromised the suit and ended the strife, so far as these parties are concerned in the action upon the bond, by extinguishing the liability thereon to Baker. This we think is the simple state of the case. But, it is contended that all this does not operate in law as a valid release, nor yet as accord and satisfaction, and therefore cannot bar the action. Much has been urged upon these points, all of which we have considered. However, if parties involved in legal strife undertake to put an end to controversy by a contract of sale, thereby assigning the interest of the one to the other, in good faith, and thus merge the two conflicting claims or interests into one, we cannot see why the courts of law will not enforce the contract, and protect the assignee of the claim or interest against the attempt of the assignor to proceed with his action. Courts of law following in this respect the rules of equity, will take notice of assignments of choses in action in order to afford them every support and protection, not inconsistent with the established rules, principles, and modes of proceeding which govern tribunals acting according to the course of the common law. Where a chose in action is thus assigned by the owner, he cannot interfere to defeat the rights of the assignee

Taylor *v.* Galland.

in the prosecution of the suit to enforce those rights. *Man-deville* vs. *Welch*, 5 Wheat. 277 ; *Corser* vs. *Craig*, 1 Wash. C. C. R. 424 ; here Baker had assigned all his interest in the replevin suit, wherein he and Galland were parties plaintiff and defendant, and which involved the right of owner- ship in the boat. The bond sued upon in this action was part of the legal proceedings therein given by Galland and his securities—one of whom Hughes is—to secure to Baker the property or its value in damages, if he should obtain judgment against Galland. Hughes in the stead of Baker, by virtue of the assignment carried on the suit to successful termination. The suit and bond accrued to the benefit of Hughes. We think that this contract operated to extinguish all Baker's interest in and right to the benefit of the bond ; and of course his right to maintain an action on it was extinguished. The liability of the defendants was by the contract discharged.

It is our opinion that the matter contained in the notice was a good bar to the action, and was properly admitted in evidence by the court below. This agreement being a full and entire transfer of all the rights and interests of Baker in and to the boat, and the suit then pending to Hughes, one of the three co-defendants and co-obligors in the bond, without any reservation as to the other two, it operated as an extinguishment of the obligation of the bond as to them all. 18 Pick. R. 414. In legal effect the agreement was a compromise, and operated in the nature of a release to Hughes of Baker's interest in the suit, and its incidents so far as it effected Hughes, of which the bond was an important part.

The rule of law is that a release or relinquishment of indebtedness as to one of two joint or joint and several debtors is in legal operation a discharge of all.

The debt being entire and when once satisfied and released it cannot be enforced against any party to it. *Tuckerman* vs. *Newhall*, 17 Mass. R. 581 ; *Wiggin* vs. *Tudor*, 23 Pick. R. 444 ; 2 Metcalf R. 381,407.

What we have said is a substantial disposal of the exceptions taken to the instructions of the court to the jury. We find no error in them.

As to the error assigned that the court overruled the motion for a new trial, we have only to say that the evidence was properly submitted to the jury. It was for the jury to dispose of the facts of the case by their verdict. This they did. The court could not interpose with their province unless good and cogent reason for such interposition existed ; but would presume that they acted on the proof adduced in the case, and that such proof was sufficient to warrant the verdict. We find no error here. After a full hearing and examination of this case, in view of what we conceive to be the just and legal rights of the parties and the proper administration of the law, we are of the opinion that the judgment of the court below should be enforced.

Judgment Affirmed.

*L. R. Reeves,* for plaintiffs in error.

*Geo. C. Dixon,* for defendant.