By the Court. Oakley, Ch. J.
The view we have taken of the case will dispense with any minute examination of many points made by the parties.
The written agreement between them provided that possession should be given on the 1st, and the deed delivered by McKeon, the defendant, on the 15th of November, 1854. It was dated the 27th of October of that year. Two hundred and fifty dollars were paid down by the plaintiff, and he was to pay $950 more upon the delivery of the deed.
In the first place, we consider it fully settled, that even upon a contract under seal fixing a period for performance, that period may be extended by a parol agreement. In the next place, the jury have found that an interview took place, prior to the 15th of November, at Dickinson’s office, and at that interview it was in substance agreed there, that the time would have to be extended.
*207 We will then suppose, that the jury had answered the second question put to them by the Judge, without a word of qualification ; that is, that they had answered that Flynn unconditionally refused to accept the deed and pay the $950, and give his bond and mortgage. The defendant says, that they could find nothing else upon the evidence.
Upon that assumption, the case is presented of a parol agreement between the parties, that the agreemént should be treated as at an end, and each of them discharged. If parol evidence is competent to establish such a mutual rescission, the same evidence is competent to prove a subsequent re-instatement of the contract. Such evidence exists in the case, and is decisive.
The Judge stated that there was no conflict of evidence as to any other matter of fact necessary to be known, in order to determine the rights of the parties, than those he had submitted; and this leaves the testimony of Dickinson uncontroverted. That testimony proves that negotiations for fulfilment of the contract were resumed and carried on after the 15th of November; several days were fixed by the defendant for that purpose, and finally, the 4th of January, 1855, definitely agreed upon.
On that day, the plaintiff and his associate in the purchase, Fogarty, attended at Dickinson’s office, and the jury have found, that the plaintiff was there for the purpose of, and prepared to pay, McKeon $950, and give him a bond and mortgage for $2000 on receiving a deed of the premises, which should convey a good title. The defendant neglected to attend.
The question comes then to this, Whether the plaintiff was bound to do more than he has done or was prepared to do, as found by the jury. It is said he was to make an actual tender of a deed to be executed by the defendant, and an actual tender of his own bond and mortgage.
The English practice, requiring the vendee to tender a deed, has never prevailed in this state. It is naturally the duty and office of the vendor to have it prepared.
The cases are collected in “Sugden’s Law of Vendors,” p. 247, to which should be added Wells v. Smith (2 Ed. Ch. Rep. 78, and 7 Paige, 22, on appeal).
In our opinion, there is nothing in any of the cases in our own Court to interfere with the proposition, that where a vendor and *208 vendee have expressly fixed upon a time and place to fulfil a contract, and the vendee attends and is prepared to do all that the contract calls upon him to perform, and the vendor does not attend, an action will lie by the vendee to recover the deposit-money paid by him.
Judgment affirmed, with costs.