By the Court, Robertson, Ch. J,
This case comes before . us entirely on exceptions to the charge of the court and the admission and rejection of testimony. In such charge, the learned judge before whom the cause was tried, after observing that the time mentioned in the contract in question for its performance, was continued to the 21st of November, 1862, when a formal demand was made by the plaintiffs for a delivery of the oil in question, added, that therefore it became a material question whether the contracts were extended by the agreement of the parties to the 21st of November. He then instructed the jury “ that if the parties did agree to extend, it was an indefinite extensionto which the defendants’ counsel excepted. He also further instructed them “ that the plaintiffs would have no right of action, until they made a demand and there was a refusalto which also the defendants’ counsel excepted. There were no other exceptions to any part of the charge. The part of the charge so excepted to was only important on the question of damages, by fixing the day, at which the price of the article sold was to determine the amount of such damages. No complaint was made as to the mode in which the fact of an extension was submitted to the jury, independently of its duration ; nor was any request made for an instruction that such extension was to a specific date, or for a submission of the question of the fact or time of such extension, to the jury; nor was any objection taken to the statement of the demand and refusal on the 21st of November. The only questions of law arising out of the parts of the charge so excepted to, were whether if the performance of the contract was indefinitely extended, a demand and refusal were necessary to enable the plaintiffs to bring an action for its non-performance ; and whether the evidence justified' the statement that if there was any extension it was indefinite. As to the first, there can be no doubt that a reasonable time for performance having elapsed, the right of either party to sue must depend on a demand and tender. The time of performance of a contract is in no case indefinitely postponed, unless expressly agreed to be so, but must be governed by its *456 reasonableness, unless it be on demand. It is generally immaterial when compared with the performance itself, which is considered to be the main object of the parties, and is of all the terms of a contract, most ductile, as it may be altered or waived by parol, in even a sealed instrument. (Fleming v. Gilbert, 3 John. 528. Flynn v. McKeon, 6 Duer, 203. Clarke v. Dales, 20 Barb. 42.)
A brief glance at the testimony will be sufficient to determine whether the learned judge was justifiable in determining that if there was any extension it was indefinite. The defendants had tacitly acknowledged the continuance of the contract, and their obligation to perform it, and so waived the question of time, by frequent promises to perform, after the period allowed by the contract had elapsed. A clerk of the plaintiffs (Cook) testified to making demands on the defendants for a performance, from a Week after the contract was made to the middle of November, once or twice a week. Another witness (Lockwood) testified that in October, 1862, when one of the plaintiffs made a formal demand, one of the defendants (Wet-more) promised that the balance “ would be delivered as soon as Wales (the other defendant) returned, or that it would be made satisfactory.” The plaintiff then promised to wait. Another clerk of the plaintiffs (Gregory) testified that on the 17t.h of November, 1862, one of the defendants (Wales) came to the office of the plaintiffs, and after remarking that “'he had come to see about the balance of the contract due them,” stated in reference to them that the contracts were made in good faith ; that he was obliged to “them” for waiting; made an excuse for the oil not being delivered before, and promised that if the plaintiffs “ would wait, the naptha was on the way and would be delivered that week.” The witness said they “ would wait,” and the brother of the witness (the plaintiff) subsequently confirmed such agreement. At the demand on the 21st of November, the language of the defendant Wales did not express any repudiation of the contract or denial of its obligation and continuance, but on the contrary expressed an intention to fulfill it, and a desire for further time. The plain *457 tiff Gregory also testified, that up to that time he had agreed to wait by reason of the defendants’ promises reported to him. On this testimony, the jury found an extension of the time of the contract, and I have not been able to discover in it an extension to any definite time, and the plaintiffs having waited a reasonable time for the performance, had a right to demand it and sue for damages for non-performance. The defendants could have relieved themselves from all the consequences of a rising market by actually refusing, not merely neglecting, to perform the contract at the end of the twenty days, or by a tender of the merchandise.
The question put to a witness (Gregory) whether he consented to wait, did not imply a mere action of the mind, and if that was understood to be the purport of the question, it should have been elicited on cross-examination so as to strike out the answer. What the plaintiff said to ratify the promise of his agent to wait, was proper evidence, and the subsequent conduct of the parties was evidence that such ratification was known to the defendants.- The price of the article about the time of the demand was also proper to be introduced.
I see no reason for reversing the judgment; it must therefore be affirmed, with costs.