BURT v. SAXTON, appellant.

*Mortgage — extension of time to pay — Statute of frauds — validity of verbal agreement — Interest — foreclosure for.*

In May, 1864, B. gave plaintiff a mortgage for $2,000 on his land, payable $500 in September, 1867, and the residue in three equal annual amounts. S. being desirous of purchasing the land of B., and not being able to buy it and fulfill the conditions of the mortgage, plaintiff told him in February, 1868, that if he would buy the land and pay, the ensuing spring, $200 on the mortgage and interest annually on the whole sum unpaid, and if he would make such improvements on the premises as would render the mortgage a first-class security, he (plaintiff) would extend the time of payment not exceeding twenty years. S. accordingly purchased the land of B. and assumed the payment of the mortgage. S. went into possession, paid $200 on the principal sum, and during the next two years made improvements to the amount of $2,000. In an action brought by plaintiff, in 1870, to foreclose the mortgage, *held*, that the agreement between plaintiff and S. was valid, although verbal, and operated to extend the time of payment of the principal sum. In such a case, interest being unpaid at the commencement of the action, there might be a foreclosure for such unpaid interest, but not for the principal sum.

APPEAL by defendant Saxton, from a judgment entered in favor of plaintiff on the report of a referee. The action was brought in Wyoming county by William N. Burt against Seth H. Bills, Uriah Saxton, and others, to foreclose a mortgage.

In May, 1864, one Seth H. Bills executed and delivered to the plaintiff his bond in the penal sum of $4,000, conditioned to pay $2,000 as follows, viz.: $500 on the 1st of September, 1867, and the remainder in three equal annual payments from said last-mentioned day with annual interest. To secure the payment of the bond, Bills and wife executed and delivered to plaintiff a mortgage on certain real estate in the town of Castile in the county of Wyoming. This action was brought to foreclose this mortgage.

The defendant Saxton, before the action was commenced, purchased the premises covered by the mortgage of Bills and assumed the payment of the same as part of the price. Saxton only appeared and answered. He set up by way of defense that being desirous to purchase said premises, he applied to Bills, who consented to sell, but as he (Saxton) could not make the payments at the times specified in the bond, he called on the plaintiff and informed plaintiff of his wish to purchase; plaintiff told him he wished he would purchase, that otherwise he (plaintiff) might be compelled to take back the property, which he did not wish to do, and upon being told that he (Saxton) could not pay according to the conditions of Bills' bond, the plaintiff told Saxton in February, 1868, if he would pay the then ensuing spring $200 on the mortgage, and interest annually on the whole sum unpaid; and upon the condition that he would perform said agreement, and would make such improvements on the premises as would make the mortgage a first-class security, plaintiff would extend the time as long as he (Saxton) desired, not exceeding twenty years, and Saxton might, at his option, pay any part of the principal at any time within twenty years.

In pursuance of this agreement Saxton purchased said premises of Bills, and by a covenant inserted in the deed thereof from Bills to him he assumed to pay said bond to the plaintiff; went into possession; paid the $200 on the principal, and during the two years then next ensuing he made improvements on the premises to the amount of about $2,000.

The issues were referred for trial and the referee found the facts aforesaid, and that defendant had not paid any interest on said bond and mortgage save the payment of $200, but did pay $400 of princi-

pal, and that the premises had been increased in value by the defendant from $2,100, when he bought them, to $6,000, their value at the time of the trial.

The action was commenced in 1870, and after the whole mortgage debt had become due, according to the condition of Bills' bond. The referee held, as a conclusion of law, that the verbal agreement above mentioned, including the acts of the parties under it, did not operate to extend the time of payment, as originally stipulated in the mortgage, and he ordered judgment of foreclosure and sale with costs.

Judgment was entered accordingly, and from it Saxton appealed· to this court.

*E. E. Farman,* for appellant. The time for performance of a contract under seal may be enlarged by parol. *Esmond* v. *Van Benschoten,* 12 Barb. 366 ; *Stone* v. *Sprague,* 20 id. 509 ; *Dodge* v. *Crandall,* 30 N. Y. 294; *Fleming* v. *Gilbert,* 3 Johns. 528 ; *Townsend* v. *Empire Stone Dressing Co.,* 6 Duer, 208 ; *Lattimore* v. *Harsen,* 14 Johns. 330 ; *Dearborn* v. *Cross,* 7 Cow. 48 ; *Delacroix* v. *Bulkley,* 13 Wend. 71.

*E. B. Fiske,* for respondent. A specialty before breach cannot be changed by parol. *Mitchel* v. *Hawley,* 4 Denio, 414 ; *Esmond* v. *Van Benschoten,* 12 Barb. 366, 376 ; *Kuhn* v. *Stevens,* 36 How. 275 ; *Clough* v. *Murray,* 3 Robt. 7. There was no offer of performance as to interest. *Daniel* v. *Hallenbeck,* 19 Wend. 408 ; *Russell* v. *Lytle,* 6 id. 394 ; *Hawley* v. *Foote,* 19 id. 516 ; *Brooklyn Bank* v. *De Garmo,* 23 id. 341 ; *Tilton* v. *Alcott,* 16 Barb. 598 ; *Day* v. *Roth,* 18 N. Y. 448. The agreement was void by the statute of frauds. *Weir* v. *Hill,* 2 Lans. 278 ; *Bartlett* v. *Wheeler,* 44 Barb. 162 ; *Wilson* v. *Lester,* 64 id. 431; *Smith* v. *Devlin,* 23 N. Y. 363. See also *Coleman* v. *First Nat. Bank of Elmira,* 53 N. Y. 388; *Parmelee* v. *Thompson,* 45 id. 58.

MULLIN, P. J. It is well settled in this State, whatever the rule may be elsewhere, that the time of performance of a contract under seal may be extended by parol. *Fleming* v. *Gilbert,* 3 Johns. 528; *Keating* v. *Price,* 1 Johns. Cas. 22 ; *Esmond* v. *Van Benschoten,* 12 Barb. 366 ; *Clark* v. *Dales,* 20 id. 42 ; *Stone* v. *Sprague,* id. 509 ; *Flynn* v. *McKeon,* 6 Duer, 203 ; *Meehan* v. *Williams,* 2 Daly, 367 ; *Newton* v. *Wales,* 3 Robt. 453.

The court in *Clark* v. *Dales, supra,* adopts the ruling of the supreme court of Pennsylvania, in *Bitzer* v. *Hahn,* 14 Serg. & R. 241, that a new consideration is not necessary to give validity to an

agreement to extend the time of performance; the waiver is enough for this purpose.

It is said by the learned judge in his opinion in the case cited that the effect of an agreement to enlarge the time is to substitute or adopt the extended time for the time specified in the original contract. It then stands as a new agreement whenever the mutual promises furnish a good consideration.

If a consideration was essential to the agreement to extend the time of payment, the assumption of the mortgage debt by the defendant Saxton is sufficient to bind the plaintiff, and the extension is ample to bind the defendants. It is not intimated in any of the cases that hold that time of performance of a sealed or written contract may be extended by parol, that such extension is in conflict with the general rule that a written contract cannot be varied or modified by parol.

We must hold, then, that the time of payment was extended by the verbal contract, and that there was no default in the payment of the principal of the indebtedness.

Interest was unpaid at the commencement of the action, for which there might have been a foreclosure, but not for the whole debt. The payment of interest is a condition which the debtor must perform, but its non-payment is not such a breach of the condition as will make the whole principal due. But if the whole principal became due upon default to pay the interest, this case was not tried or decided upon that theory. The defendant was precluded from having his defense considered by the referee, and a new trial becomes indispensable.

The judgment must be reversed and a new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*