Landon, J.
The judgment entered upon the report of the referee should be affirmed as entirely warranted by the evidence, unless the defendant’s claim for damages for breach of the contract was improperly disallowed.
On the 14th of April, 1883, the parties, after considerable preliminary conference, concluded a contract made in three letters, consisting of a proposal on the part of the *302 plaintiff, and its acceptance by the defendant. The plaintiff agreed to manufacture for the defendant three cars, two called the Mann boudoir cars, and one the Patti boudoir car. These cars were to be from designs of the defendant,to be “very elegant and luxurious, the best material possible, and of the most careful workmanship. ” The Mann cars were to be completed and delivered not later than October 1, 1883, and the Patti car not later than November 20, 1883. The defendant agreed to pay for them upon delivery the plaintiff’s actual disbursements incurred for labor and material employed in their construction, with an addition of fifteen per cent.
The plaintiff manufactured and delivered the cars, but not within the time specified in the contract. There was a delay of about fifty-eight days upon the Mann cars and thirty-four days upon the Patti car.
The defendant received the cars upon delivery, protesting, however, that he did so without prejudice to his rights under the contract. The contract price as found by the referee, and as shown by the evidence, amounted to $49,-252.43, of which the defendant paid $30,000, upon the delivery of the cars; for the balance, $19,252.43, with interest, from December 20, 1883, the date of the delivery of the last car, judgment was directed against the defendant.
The referee finds that there were only the most trivial defects in the workmanship or material of the cars, except such as may have arisen from the want of proper seasoning of the amaranth used in their construction. The referee also finds, that sometime during the progress of the work, the defendant decided that the interior finish of the cars should be of this wood, that the officers of the plaintiff were not familiar with it, that it was rare and expensive, and that the defendant, at the request of the plaintiff, procured it; that the delay in the completion of the cars, and the defects that subsequently developed in their construction and finish, were in great part attributable to the failure of the defendant to obtain in due time for its proper preparation and seasoning, the requisite supply of this wood.
We think the evidence fully supports these findings. The contract provided that the details of the drawings of the bodies, roofs, trucks, material, finish, etc., trimmings and fixtures, were all to be approved by the representative of the defendant, and the work of constructing the cars should, during its progress, be subject to the supervision of said representative, and the cars 1 ‘ should be constructed, fitted and finished to his satisfaction and acceptance throughout all details.” The defendant, by his letter of April 10, wrote that his representative “will be authorized to approve any specifications or materials from time to *303 time should question arise.” Eugene D. Mann, a brother of defendant, was this representative. When defendant concluded to use amaranth, a bill for the amount was prepared by the plaintiff and E. D. Mann. This was a specification of the quantity, and its approval fell within the authority given E. D. Mann by the defendant. The plaintiff objected that the quantity was not large enough, but E. D. Mann assumed to decide and went to New York to procure it. On the 11th day of August E. D. Mann wrote to plaintiff that he had found amaranth at Graham’s, and four days later, as follows: “I have selected eight logs, apparently very fine, which will amply cover our requirements. They will saw them at once, and to the sizes billed.” There was a delay in the delivery of this lot of amaranth, and the plaintiff repeatedly urged upon E. D„' Mann the necessity of promptness in forwarding it. It was, however, delivered and was of good quality, and no fault is found with it. But, as the work progressed, this quantity was found to be too small. The plaintiff telegraphed the defendant to order 3,000 feet more. This was September 29. This the defendant did, but it had to be dried, and there was not quite enough after all, and this took time. The defendant was urgent for the prompt .delivery of the cars. The plaintiff told him the amaranth would have to go in green, not properly dried. The defendant’s urgency was great, and this amaranth was, "with the knowledge of defendant and of his representative, put in before it was properly dried. The plaintiff was delayed four times waiting for the amaranth, also at other times for want of leather, pediment, panels and heaters which defendant was to furnish. When the cars came into use, and heaters were placed in them, this green wood shrunk, twisted and cracked.
There is no evidence that the cars were not made and finished “to the satisfaction and acceptance throughout ah details,” of defendant’s representative.
The defendant, with full knowledge of the delay, although while it lasted, constantly protesting against it, and with full knowledge of the facts with respect to the green amaranth, accepted the cars. He knew when he accepted them all the facts of the case. He was exceedingly anxious and willing to take the cars. The Patti car was for the special use of Madam Patti in a special journey to and fro across the continent, visiting^sixty different cities. December 21, 1883, and after the delivery of that car, defendant wrote the plaintiff: “Patti enraptured with her car. Her delight was beyond expression.”
No doubt time was of the original essence of the contract. When the plaintiff failed to perform in time. *304 the defendant urged on the rapid completion of the cars. He had his election to insist upon it or waive it. He was bound to good faith. After the time expired, he said to the plaintiff, in effect: “True, the time has expired, but go on and finish.” The plaintiff did go on and did finish. The plaintiff did this either within the contract or without it. There is no pretense that any other contract was made. There can be no other conclusion than that the cars were finished at defendant’s request under the contract, and therefore that defendant extended the time for that purpose. And so are the authorities. Smith v. Gugerty, 4 Barb., 614; Sinclair v. Tallmadge, 35 id., 602; Clark v. Dales, 20 id., 42; Flynn v. McKeon, 6 Duer, 203; Gallagher v. Nichols, 16 Abb. [N. S.], 33Y; Meehan v. Williams, 2 Daly, 367.
But it is a sufficient answer to defendant’s conaplaint of delay, that he could only recover, after acceptance of the cars, the special damages that were suffered by him because of the delay, against which the contract, fairly construed, protected him. Some time was lost, it is true, but he gave no evidence tending to show that he lost any contracts or profits in consequence. The use of the cars was delayed, but the fact that he entered upon his engagements later than he desired is not proof that his profits from them were less or that any were lost. The remedy of the defendant for damages because of defects in material or construction must rest upon the plaintiff’s warranty of both. This was an executory contract with warranty. It seems now to be settled that in case of express warranty in ex-ecutory as well as in executed sales, the vendee may rely upon the breach of warranty without offering to rescind the sale, or to return the property, or even giving prompt notice of the defect. Day v. Pool, 52 N. Y., 416; Parks v. Morris Ax. Co., 54 id., 586; Brigg v. Hilton, 89 id., 517; Marshuetz v. McGreevy, 23 Hun, 408. But such warranty does not extend to such defects as defendant knew to exist when he accepted the cars. Cases supra, Brown v. Burhans, 4 Hun, 22Y; Bennett v. Buchan, 76 N Y., 386.
The defendant and his representative knew that the green amaranth had been used. The defendant knew the consequences to be expected from its use. In his letter to plaintiff of August 23, 1883, referring to the amaranth then ■ordered, he wrote: “The stuff will need a lot of drying, as my experience teaches me the necessity in my style of cars * * * to have wood absolutely seasoned.” He was in part responsible for the delays experienced with respect to this wood. He was ■ cautioned by the plaintiff that haste in completing the cars was at the risk of using this wood imperfectly seasoned, but he insisted upon haste, and thus *305 invited, the risk. We do not think the warranty covered this risk.
The other defects as to which damages are claimed are found, by the referee to be trivial. The evidence justifies this finding. With the exception of the consequences resulting from the unseasoned amaranth, the plaintiff seems to have complied with the terms of the contract, except as to items so unimportant and easily and inexpensively remedied as not to justify the finding of a substantial departure or failure. Other exceptions are urged by the defendant. The view above taken results in overruling most of them. We find none that calls for a reversal of the judgment.
Judgment affirmed, with costs.
Bockes, P. J., and Parker, J., concur.