1814.

MATTER OF
SOUTHWICK.

*May* 13th.

## In the matter of SOUTHWICK, a lunatic.

This court does not, ordinarily, and of course, interfere to compel the payment of solicitors' fees.

Where a commission of lunacy had been executed, and the lunatic, afterwards, discharged from it ; but, on the disease returning, a new committee was appointed, under a new commission, the court refused, on the petition of the solicitors who sued out and executed the first commission, to order the first committee to pay their costs ; there being no special reasons for the summary interference of the court.

DICKINSON and MITCHELL, solicitors, applied to the court, by petition, stating that they had procured a commission of lunacy to be sued out and executed in this case, and that *A. Staples* was appointed committee of the lunatic's estate, and that they had done other business for and in behalf of the said committee ; that the lunatic had since been discharged from the operation of the commission, but the

disease returning, a new committee, upon a new commission, had again been appointed ; and that *Staples* was about transferring his custody of the estate to the new committee, and had refused to pay their costs and expenses ; and they concluded with praying the aid of the court to compel payment.

THE CHANCELLOR. The court does not, ordinarily, and of course, interfere to compel the payment of solicitors' fees. In certain cases such interference may be requisite, as where the committee becomes insolvent, and the costs would be lost unless made a charge upon the fund. Such was the case *ex parte Price*, (2 *Ves.* 407. ;) and in the case also of *Barnsley* v. *Powell*, (*Amb.* 102.,) the Chancellor declared, that the solicitor should stand in the place of the committee, so far as to enjoy the benefit of the committee's lien on the estate, as to the costs of a suit prosecuted for the lunatic. The solicitor has his remedy by suit, for fees, in this, as in other cases. If the committee was before the court, asking a settlement of his trust, and to be discharged from his responsibility, and from the bond which the court had taken, the court would, undoubtedly, require these costs and charges to be previously paid. Here are no special reasons assigned for this summary aid of the court, and the solicitor must be left to his ordinary remedy.

Motion denied.