ISAAC V. PRATT, Appellant, *v.* SAMUEL MORROW, Respondent.

1. *Equity — Bill to rescind contract of sale of land — New consideration — Actual abandonment.* — A verbal agreement to rescind a contract under seal for the sale of land, made after payments are due, and founded upon no new consideration, unless followed by an actual abandonment of the sale by both parties and a restoration of the property so far as possible to the vendor, will be treated as invalid in a suit by the vendor for the stipulated purchase money.

*Appeal from Fourth District Court.*

*Burgess,* for appellant.

I. The objection of plaintiff to the admission of the evidence of the defendant which tended to show a parol release of the

contract read in evidence by plaintiff, should have been sustained, because the contract was under seal, and the burden of the covenant could not be removed otherwise than by an instrument of equal solemnity with that creating it. (Rawle on Cov. 368; Rogers v. Payne, 2 Wils. 976; Kaye v. Waghorne, 1 Taunt. 428; Cordwent v. Hunt, 8 Taunt. 596; Harris v. Goodwin, 2 Man. & Gran. 405; West v. Blakeway, *id.* 729.)

II. To render a waiver of the performance of a contract effectual, it must have occurred before the contract was broken, since after breach, nothing short of an accord and satisfaction can be a bar to an action. (Shaw v. Hurd, 3 Bibb., Ky., 371; Cunebar v. Wane, 1 Smith's Lead. Cas. 146; Delacroix v. Bulkey, 13 Wend. 71; Eddy v. Graves, 23 Wend. 82; Seward v. Patterson, 3 Blackf. 353; Woodruff v. Dobbins, 7 Blackf. 582, and note to Cunebar v. Wane, 1 Smith's Lead. Cas. 461, and authorities there cited.)

III. Parol evidence was not admissible to establish the release. (Ontario Bank v. Root, 3 Paige, 481; Cozien v. Graham, 2 Paige, 181; Wildbahn v. Robidoux, 11 Mo. 659; Hasbrouck v. Tappen, 15 Johns. 200; Stead v. Dawber, 10 Ad. & E. 57; Blood v. Goodrich, 9 Wend. 68; Ladd v. King, 1 Rh. I. 224; Espy v. Anderson, 2 Harris, 508.)

*Mullins & Easly*, for respondent.

In equity, a contract under seal can be rescinded by a parol contract made after breach of the original contract. (3 Adams' Eq., Am. ed., 300; 1 Greenl. Ev., § 302 and notes; 2 Phillips on Ev. 695; 1 Halstead's Law on Ev. 213; Browne on Frauds, §§ 429–436 and notes; 1 Sugd. on Vend. and Purch., 7th Am. ed., 178; 1 Hill. on Vendors, p. 174, § 20; Bac. Abr. 27; Badwin v. Salten, 8 Paige, 473; Cummings *et al.* v. Arnold, 3 Metc. 486; Munroe v. Perkins, 9 Pick. 298.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit in the Linn Circuit Court to recover the purchase money due upon a sealed contract for the sale of land, and the defendant set up a parol rescission of the contract

and want of title in the plaintiff. Before trial the plaintiff moved to strike out that part of the answer averring want of title, excepted to the overruling of his motion, and claims the benefit of the error. But the record shows that no evidence was offered and no instructions given upon that branch of the case, hence the plaintiff could have suffered no damage from the action of the court in regard to his motion, even if it were erroneous.

The contract was made in November, 1860, and the land lay next to other land occupied by defendant. It does not clearly appear whether the defendant took actual possession under the contract, the testimony of the parties being contradictory upon that point, but it does appear that in the latter part of 1862 the defendant left the country, and in 1867 returned and took possession of the property — claiming, however, that he took it under another person—and holds it adversely to the plaintiff. As to the alleged rescinding of the sale, the defendant is the only witness, and he testifies that in the fall of 1861, in a conversation with the plaintiff, the latter agreed to give up the contract, and in about a year after, upon plaintiff's return from the army, he again told him he was released. The plaintiff contradicts this statement; but inasmuch as the issue of fact has been passed upon by a jury, we will not weigh the evidence, but only consider the questions of law involved. Some of the payments were due at the time of the alleged release, and upon the trial the plaintiff objected to the defendant's testimony concerning the parol discharge, and also asked instructions sustaining his view of the matter, and objected to the instructions given for the defendant sustaining an opposite view. The defendant obtained judgment, which was sustained by the District Court.

The record fairly presents the question whether a verbal agreement to rescind a contract under seal for the sale of land, made after payments are due, which agreement is founded upon no new consideration, and is not followed by any action of either party in relation to the land or the writing, will be treated as valid in a suit by the vendor for the stipulated purchase money. The authorities are very numerous that bear or seem to bear upon this question, though in their application confusion may

arise from want of proper distinction between simple contracts in writing and those under seal — between obligations actually due and those not matured — and between simple agreements merely to vary or rescind, and the acts of the parties in carrying those agreements into effect.

It is well settled that an executory contract in writing not under seal may, before breach, be varied by parol, either by enlarging the time, changing the mode of payment, or by putting an end to it altogether. (Goss v. Lord Nugent, 5 B. & Ad. 65; Cuff v. Penn, 1 M. & S. 26; Keating v. Price, 1 Johns. Ch. 22; Erwin v. Saunders, 1 Cow. 250; Low v. Treadwell, 12 Maine, 441; Cummings v. Arnold, 3 Metc. 486; 2 Phil. Ev. 694, 5th Am. ed., C. & H. notes.) But the new contract, if executory, must be founded upon a new consideration. (Thurston v. Ludwig, 6 Ohio St. 1.) It is also still the received doctrine that a sealed instrument can not be varied or abrogated by another agreement unless the latter is also sealed. "*Unum-quodque dissolvitur eodem ligamine quo ligatur.*" (Broome's Legal Maxims, 6th Am. ed., 844–5, and cases cited; Harris v. Goodwin, 2 Man. & Gran. 505, 40 E. C. S. 664; West v. Blakeway, *id.* 729, 40 E. C. S. 828; Sellers v. Brickford, 8 Taunt. 31, 4 E. C. S. 27; Thompson v. Brown, 7 *id.* 556, 2 E. C. S. 535; Woodruff v. Dobbins, 7 Blackf. 582.) But this rule is subject to many modifications and apparent exceptions. If the contract varying the terms of, or abrogating, the specialty has been performed so that the obligor has received the full benefit of the change, or if the obligor has occasioned the breach, or has put it out of his power or that of the obligee to perform, he will not be permitted to avail himself of the default of the other party. A defense founded upon such variation is sustained by the highest equity, was in general available under a plea in bar as well as in chancery proceedings, and clearly can be made under the code. (Dickinson v. Cone, etc., 6 Ind. 128; Fleming v. Gilbert, 3 Johns. 528; Lattimore v. Harsen, 14 Johns. 330; Dearborn v. Cross, 7 Wend. 48; Ballou v. Walker, 3 Johns. Ch. 60.)

Plaintiff urged that the contract relied upon by the defendant

was invalid because it was unsealed, was without new consideration, and was made after breach and an actual indebtedness had accrued. It is certain that an unexecuted parol agreement to rescind, if a *nude pact*, can not be enforced; but if executed, courts will not inquire into the consideration nor disturb the condition in which parties have voluntarily placed themselves. It is also true that a present indebtedness can in general only be discharged by payment, accord and satisfaction, or release under seal; yet when a contract of sale is actually rescinded, the restoration and acceptance of the property should be held to satisfy the obligation for the purchase money. If the vendor agrees to take back what he has sold, and cancel the debt, it is an accord; and if he actually takes it back, it is a satisfaction. But there is a broad distinction in this regard between an executed and executory agreement. While an executory parol agreement, without new consideration, can not be enforced, yet if the agreement be executed the act is a bar. Thus, while a mere verbal promise, after breach, to cancel a contract of sale would be no defense to an action upon it, yet if the contract be actually canceled and the property surrendered, it is at an end, and the formality of a sealed release is wholly unnecessary. The effect of such executed agreement is the same whether the contract be sealed or otherwise. The obligation, though it has become a subsisting debt, is discharged by the acts rather than agreement of the parties. It is not always essential that the instrument be surrendered to be canceled, though if done it is the strongest evidence of the fact of rescission. Reasons may exist why it is not done at the time, yet if the contract remains in possession of the parties as before, with no reason why it is not delivered up or canceled upon its face, and especially if no change of possession takes place in regard to the property, it is a circumstance that would weigh strongly with the jury against the claim of rescission in fact.

The effect of an unexecuted parol agreement to rescind a sealed contract for the sale of land, founded upon a new consideration, has been often discussed, and the decisions do not seem to be quite uniform. The tendency, however, is to validate such

agreements, and thus so far to abolish the distinctions between sealed and unsealed written instruments. (See Sugd. on Vendors, § 9, and notes; Boyer v. McCulloch, 3 Watts & S. 429; Stevens v. Cooper, 1 Johns. Ch. 430.) This defense is usually made to bills for specific performance which are an appeal to the conscience and discretion of the chancellor, and it may come to be regarded as an equitable defense to an action upon the specialty. But though counsel make the point in their brief, it can not arise in this case without proof of consideration for the parol agreement, which I have failed to find in the record.

The error of the Circuit Court was not in refusing the plaintiff's instructions because he asked too much, nor in overruling his objections to testimony, for it was competent as far as it went; but in the instructions, given at the instance of the defendant, that a verbal agreement merely to rescind, without new consideration, was sufficient to discharge him. There should have been something more. The sale must have been actually abandoned by both parties, and the property, as far as possible, restored to the vendor; or, at least, if the agreement was unexecuted, it must have been founded upon a new consideration and clearly proved.

The judgment is reversed and the cause remanded. The other judges concur.