WILLIAM KREY, Defendant in Error, v. FRANK HUSS-
MANN, Plaintiff in Error.

St. Louis Court of Appeals, March 23, 1886.

1. ESTOPPEL—ACTS OF PARTIES.—Where the acts, pleadings, and evi-
dence of a party to a contract assert a certain construction thereof
and the other party acts on such assertion, both are estopped to as-
sert a different construction.

2. CONTRACTS—IMPLIED PROMISE.—A contract to build a house implies
an obligation to pay for the work and materials used in its con-
struction.

3. JUDGMENT—MECHANIC'S LIENS.—A judgment against a building and
the contractor, in a mechanic's lien case, is conclusive against the
contractor.

ERROR to the St. Louis Circuit Court, SHEPARD BAR-
CLAY, Judge.

*Affirmed.*

C. A. SCHNAKE, for the plaintiff in error: There is
no ambiguity and nothing dubious upon the face of the
instrument, and hence the instrument itself must be the
only criterion of the intention of the parties. *Redheffer
v. Leathe*, 15 Mo. App. 12; Chitty on Contracts, 74–84 ;
*Koehring v. Muemminghoff*, 61 Mo. 403. The plaintiff's
counsel will argue that the instrument made the defend-
ant a principal contractor, but he forgets that the instru-
ment denominates him "security for the party of the
second part." And that neither the counsel nor the court
can alter his position. For such a construction would be
a contradiction of the instrument itself, when it calls the
defendant "security." *Philibert v. Burch*, 4 Mo. App.
470; *Redheffer v. Leathe*, 15 Mo. App. 12.

HUGO MUENCH, for the defendant in error: The
question sought to be raised by the plaintiff in error,

was decided adversely to him by our own supreme court, in *The State to use v. Tiedemann*, 69 Mo. 515, 518.

Rombauer, J., delivered the opinion of the court.

This is an action to recover damages alleged to have been caused by the defendant's violation of a building contract, which is in words and figures as follows:

"Articles of agreement made and entered into the fourteenth day of August, 1882, by and between William Krey, party of the first part, and Henry Hussmann, Jr., party of the second part, and Frank Hussmann, Sr., security for the party of the second part, all of the city and county of St. Louis, state of Missouri:

"Witnesseth as follows: That, for the consideration hereinafter mentioned, the said party of the second part agrees to bind himself, his heirs, executors, administrators, or assignees, to build and erect a double two-story brick tenement house on the west side of Seventeenth and Montgomery streets according to plans and specifications made by the party of the second part for the total sum of three thousand, eight hundred and sixty-seven dollars.

"Also, that, in consideration of the faithful performance of the foregoing work by the party of the second part, the said party of the first part agrees to bind himself, his heirs, executors, administrators, or assignees, to pay to the said party of the second part, the sum of three thousand, eight hundred and sixty-seven ($3,867) dollars in payment, as follows: 1st, $1,000 when first tier of joists are laid; 2nd, $800 when second tier of joists are laid; 3rd, $800 when roof is on; 4th, $400 when plaster is done; 5th, $467 when completed.

"In testimony whereof, the parties have hereunto signed their names and affixed their seals this fourteenth day of August, 1882.

"Wm. Krey,          (Seal)
"Henry Hussmann,  (Seal)
"Frank Hussmann.  (Seal)"

The petition charges that the plaintiff performed all the obligations of this contract, and paid for the erection of said building all the money therein mentioned to Henry Hussmann, but that the defendant violated it, in this, that neither Henry Hussmann nor himself paid for all the material that entered into its construction, in consequence whereof certain sub-contractors recovered a judgment of lien against the plaintiff's property, which judgment the plaintiff was compelled to pay in excess of the contract price. That the defendant refuses to refund the amount thus paid.

The defendant's answer admits the execution of the instrument, but denies any breach of the contract. It further states, by way of special defences, (1) That the defendant was only a surety for Henry Hussmann, and that the plans and specifications were materially changed by the two principals, after the contract was entered into without the defendant's knowledge or assent. (2) That the plaintiff improvidently and prematurely paid the last installment payable under the terms of the contract to Henry Hussmann, whereby the defendant as such surety became discharged.

These special defences were submitted by the court to the jury under appropriate instructions, and the issues thereon were found by the jury against the defendant.

The only complaint urged here is, that the trial court improperly admitted evidence of any payment made by the plaintiff to extinguish the lien of material men, since the contract does not bind the defendant or his principal to keep the plaintiff harmless from such liens, and since, moreover, the contract does not bind the defendant or his principal to erect the building, but only binds them to enter into an agreement for that purpose.

Without deciding the question, whether or no, the written contract, if its specific execution were sought, would reasonably admit of the construction claimed for it by the defendant, it is sufficient for the purposes of this case to say, that he is estopped from asserting that such

is its proper construction, because he has by his acts, pleading, and evidence maintained the correctness of the construction contended for by the plaintiff. Bigelow on Estop. 562, 571, 603, 604; *Slagel v. Murdock*, 65 Mo. 522. Both parties treated the agreement as a complete building contract. The defendant's principal received with his consent all its benefits, and the defendant can not now repudiate its corresponding obligations.

One of these implied obligations is to pay for all work and material that enters into the structure, and to defend against all liens of mechanics. *The State to use v. Tiedemann*, 69 Mo. 515, 518; Rev. Stat., sect. 3191. The defendant was a party to the action upon the lien, and is not in a position to question the validity or extent of the judgment rendered therein.

It results that the judgment of the trial court must be affirmed. It is so ordered. All the judges concur.