M. J. CASEY, Respondent, v. T. J. GUNN *et al.,* Appellants.

St. Louis Court of Appeals, January 31, 1888.

1. CONTRACT, BUILDING — NO ABANDONMENT, WHAT. — Where in a building contract it is stipulated that, upon certain failures of performance by the builder, the owner may refuse to pay instalments which would otherwise be payable, such refusal is no evidence of an abandonment of the contract. Nor is it any evidence of abandonment that the owner has had the work completed under his own supervision, upon a refusal by the builder to proceed with it.

2. ——— SURETIES NOT RELEASED, WHEN. — Where the contract provides that, upon the builder's failure to pay laborers or materialmen, the owner may withhold a sufficient amount to satisfy their claims, the builder's sureties in the contract will not be released by the fact that the owner has made payments to the builder in conformity with the terms of the contract, while such claims remained unpaid. Nor will it be any defence in favor of the sureties, in a suit on the contract, that the owner has made payments to laborers and materialmen, without waiting for them to take steps for the establishing of liens.

2. —— LIABILITY OF SURETIES.—Where by the terms of the contract the building is to be completed for a certain sum payable in instalments, with a right reserved to the owner to pay the claims of laborers and materialmen when the builder has failed so to do, the sureties will be liable to the owner for any excess above the contract price, resulting from sums paid upon such claims, together with his payments made to the builder in accordance with the contract.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

C. P. & J. D. JOHNSON, for the appellant, Ogden: A guaranty that the contractor should furnish materials, etc., at his own cost and charges is not a guaranty against lien claims for materials furnished under subcontracts with the contractor. The liability of a surety cannot be extended beyond the plain terms of his contract, nor by implication. *The Singer v. Hibbs*, 21 Mo. App. 578; *The Home v. Traube*, 75 Mo. 202, and cases cited; *City v. Sickles*, 52 Mo. 126; *State v. Boone*, 42 Mo. 262. As to the particularity required in pleading upon a lien claim see: Rev. Stat., secs. 3176 and 3177; *Heltzell v. Langford*, 33 Mo. 396; *Porter v. Tooke*, 35 Mo. 107; *Gault v. Soldani*, 34 Mo. 150; *Bradish v. James*, 83 Mo. 316; *Heinrich v. Carondelet*, 8 Mo. App. 588; *Fay v. Adams*, 8 Mo. App. 566. If it should be held that the petition states a cause of action, then there was an entire failure of proof as to many of the claims which it is contended go to make up the measure of damage. The voluntary payment of a claim, not constituting a lien, would not amount to a compulsory payment or entitle plaintiff to recover against the sureties. *Schulenburg v. Robinson*, 5 Mo. App. 562; *Schulenburg v. Vrooman*, 7 Mo. App. 133. A lien cannot be enforced against a building for materials, etc., furnished to the contractor, but not put into the building. *Deardorff v. Everhart*, 74 Mo. 37; *Simmons v. Carrier*, 60 Mo. 581; *Fitzpatrick v. Thomas*, 61 Mo. 512; *Schulenburg v. Prairie*, 65 Mo.

295; *Schulenburg v. Hawley*, 6 Mo. App. 34. The assignment of the claims in question to Hayden, as testified to by him, released the property of plaintiff from the lien of the claims, even if such liens previously existed. *Griswold v. Carthage*, 18 Mo. App. 53. So that, as to the claims assigned, there was no necessity for plaintiff to pay them. If the plaintiff was not compelled to pay the claims for the protection of his property (the payments having been made without the authority of this defendant) then the payments were voluntary, and plaintiff cannot recover therefor. *McMahon v. Vickery*, 4 Mo. App. 226; *Union v. Kehler*, 7 Mo. App. 158; *Wolf v. Marshal*, 52 Mo. 167; *Eoff v. Clay*, 9 Mo. App. 177; *Slate v. Powell*, 44 Mo. 437. On the other hand, if lien claims existed against the building at the time the first and second instalments were paid by plaintiff to Gunn, under the contract, and plaintiff at that time knew of the existence of such claims, then the trial court erred in refusing to give this appellant's second instruction refused, and the judgment is excessive, inasmuch as the contract made such payments conditional upon there being no lien claims upon the building. *Taylor v. Jeter*, 23 Mo. 250; *Watkins v. Pierce*, 10 Mo. App. 595; Brandt on Sur. & Guar., par. 370, and cases cited in note 1; par. 345, and cases cited in note 2; 1 Story Eq., par. 327, *et seq.; Raysdon v. Trumbo*, 52 Mo. 38; *Budd v. Hoffheimer*, 52 Mo. 297; *Hoffman v. Parry*, 23 Mo. App. 21.

AUG. REBENACK, for the appellant, Bickel: The right of a materialman to a lien depends upon whether he gave credit on the faith of the structure into which the material entered. *Rand v. Grubbs*, 26 Mo. App. 591. The basis for the lien given by the statutes against the property-owner is the principle of substitution, and the party substituted by operation of law could occupy no better position than he for whom he is substituted. *Henry v. Rice*, 18 Mo. App. 497. That sureties are favorites of the law and will not be held beyond the

terms of the engagement, is well settled. *Miller v. Stewart*, 9 Wheat. (22 U. S.) 680 ; *Burns v. Manf. Co.*, 87 Ind. 541, and cases cited ; *Lafayette v. James*, 92 Ind. 240, and cases there cited. The principal cannot change the right of his sureties in any respect without their consent. *Johnston v. May*, 76 Ind. 300. The liabilities of a surety cannot be extended beyond the plain terms of his contract. *Mfg. Co. v. Hibbs*, 21 Mo. App. 574 ; *Chouteau v. Iron Works*, 83 Mo. 73. The question of abandonment and rescission were for the court to determine. *Henry v. Bassett*, 75 Mo. 95 ; *Pratt v. Morrow*, 45 Mo. 404. Very slight circumstances are sufficient to show the assent of a party thereto, when it is obviously for his interest that a contract should be terminated. *Fine v. Rogers*, 15 Mo. 318. One who is prevented by the other party to a contract from performing conditions of the contract, is not responsible for such failure. *Baker v. Railroad*, 19 Mo. App. 321. While a contract of employment is executory, the principal may rescind it, especially if the agent was not acting in good faith toward him. *Gaty v. Sack*, 19 Mo. App. 470. In case of violation of a contract by either party, the other party may ordinarily rescind it totally if the contract be an entirety or be incapable of apportionment, or he may rescind it partially if the contract be capable of apportionment. *Hunt v. Silk*, 5 East, 449 ; *Reed v. Blanford*, 2 Youngs and Jere, 278 ; *Shields v. Davis*, 1 Taunt. 65 ; *Franklin v. Miller*, 4 Adolph. and Ell. 599 ; *Coolidge v. Brigham*, 6 Metcalf, 547 ; *Baillie v. Kell*, 4 Bing. (N. C.) 638 ; *Turnpike Co. v. Commonwealth*, 2 Watts, 438 ; *Connor v. Herndon*, 15 Mass. 319 ; *Havelock v. Geddes*, 10 East, 564 ; *Groundsell v. Lamb*, 1 Mees. and W. 352 ; *White v. Perley*, 15 Me. 470 ; *Bean v. Simpson*, 16 Me. 49 ; *Howard v. Miner*, 20 Me. 325 ; *Mfg. Co. v. Armstrong*, 17 Me. 34. If a party be bound to pay a certain sum of money, a mere readiness to pay is insufficient. *Haldane v. Johnson*, 20 Eng. Law and Eq. 498. It is his duty to make a tender of payment, or actually pay the money to

whom it is due. Co. Litt, sec. 340; *Soward v. Palmer*, 2 Moore, 276; *Cranley v. Hilary*, 2 M. and S. 122. "The construction of a written contract is a question of law for the court." Thompson Charging the Jury, sec. 12, and authorities cited; *Hudson v. Railroad*, 53 Mo. 539; *Hickey v. Ryan*, 15 Mo. 46; *Newman v. Lawless*, 6 Mo. 279. When, by the terms of the contract, it is the option of the promisor which of two acts he will perform, the promisor has the right to elect which he will do. *Layton v. Pearce*, 1 Doug. 16; *Penny v. Porter*, 2 East, 2; *Smith v. Sanborn*, 11 Johns. 59; *Small v. Quincy*, 4 Greenl. 497; *Chippendale v. Thurston*, 4 C. & P. 98; *Appleton v. Chase*, 19 Me. 79; *Gessley v. Railroad*, 26 Mo. App. 156; *McMurry v. Martin*, 26 Mo. App. 437.

CHRISTIAN & WIND, for the respondent: A contract to build a house implies an obligation to pay for the work and material used in its construction. *Gauss v. Hussmann*, 21 Mo. App. 343. An objection is made to payment for brickwork because Schaumberg Brothers had a running account with Green, but this does not defeat a lien. *Gantner v. Kemper*, 58 Mo. 567. Nor does the fact that subcontractors kept no separate accounts of the material furnished, as both houses were precisely the same and were separate contracts. *Hanson v. Gibson*, 14 Mo. App. 33; *Fitzgerald v. Thomas*, 61 Mo. 499; s. c., 61 Mo. 512; *Mysen v. Thomas*, 3 Mo. App. 664. Nor was it necessary to follow the lumber and mill work from the yard to the premises and into the building itself. *Morrison v. Hancock*, 40 Mo. 561. And as to the reasonable value of the work done and materials furnished, the contract price is presumed to be reasonable. *Deardorff v. Everhart*, 74 Mo. 37; *Hilliker v. Francisco*, 65 Mo. 598. And particularly after verdict. *Gibson v. Nagle*, 15 Mo. App. 597. An assignment of a lien claim carries the lien with it, and does not extinguish the lien. *Goff v. Papin*, 34 Mo. 177, affirmed in *Jones v. Hurst*, 67 Mo. 572; *Gibson v.*

*Nagle*, 15 Mo. 597.   But this objection comes too late, and it was not urged in the trial court.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff entered into a building contract with defendants, Gunn, as principal, and Conrad Bickel and Joseph B. Ogden, as securities, by which defendant, Gunn, agreed to erect a dwelling-house for plaintiff and to furnish and pay for the materials, for the price of $3,194.  The contract provided that this consideration should be paid in four instalments, eight hundred dollars, when the first-floor joists were laid; eight hundred dollars, when the roof was on, eight hundred dollars when the plastering was done, and the residue when the house was completed and delivered.  "Provided, that the wages of artisans and all others employed on said building shall have been satisfied, so that there shall be no lien on said building; and if the said party of the second part (the contractor) shall fail so to satisfy all and every claim on said building, the said party of the first part may, if he deems it proper to do so, retain money enough to satisfy all claims."

The defendant, Gunn, failed to perform his contract, whereupon the plaintiff brought the present action against him and his sureties, stating in his petition the contract, and averring as a breach thereof, "that said Gunn did not pay the claims for labor done and materials necessarily furnished in the erection of said house under said contract; that persons who did labor and furnish work and materials to said house made demand on plaintiff for same and threatened to file liens against said house; that plaintiff did pay for such labor, work, and materials, to those entitled thereto, the sum of $1,216, above and in excess of said $3,194, the contract price of said house."

For the sum thus paid in excess the plaintiff asks judgment.

The two sureties answered separately.  The answer of defendant, Bickel, set up a cancellation of the con-

tract by mutual consent, and a release of his principal. It further avers that the plaintiff assumed to complete the house himself; that he refused to pay to Gunn the instalments as they fell due; that he altered the plans and specifications, and completed the erection of the house in accordance with such alterations, and that the plaintiff assumed and undertook to pay all outstanding demands against said building by materialmen, laborers, and mechanics, irrespective of Gunn.

The answer of defendant, Ogden, contains a general denial, and sets up the following affirmative defences:

(1) That when the first instalment became due lien claims existed against the building to the amount of four hundred dollars, and when the second instalment became due similar claims existed aggregating twelve hundred dollars, which the plaintiff knew, or, by reasonable care, might have known, yet the plaintiff paid to said Gunn the first and second instalments without inquiry and without the knowledge of defendant.

(2) That when the third instalment became due the plaintiff, without the knowledge and consent of the defendant, cancelled the contract, retained the third instalment and refused to pay it to Gunn, but completed the building himself; that the said three instalments were sufficient to pay off and discharge all lien claims existing against said building under contracts made by Gunn.

Issue was taken on both answers by reply.

There was evidence tending to show the following facts: The Mechanics' Building & Loan Association held a deed of trust on the property to secure the money which it agreed to advance towards the erection of the building. Its secretary made payments upon the orders of the plaintiff, first directly to Gunn, and subsequently either to the materialmen or laborers direct, or to the plaintiff for distribution to the materialmen and laborers. All the money thus paid was refunded by plaintiff to the association prior to the institution of the suit.

The first two instalments of eight hundred dollars each were paid by the association to Gunn direct, upon plaintiff's order, and at the time when, by the terms of the contract, they became payable. This money was paid without inquiry and there is no evidence that, prior to its payment, either the plaintiff, or the association acting as his agent, had any actual notice that Gunn was not paying for material or labor used in the building. Before the third instalment fell due the plaintiff and his agent, suspecting that Gunn did not use the money already paid him for material and labor in the building, demanded of him a production of receipts, and upon his failure to produce them refused to pay him any further instalments.

The testimony further tended to show that the defendant, Bickel, was advised of the state of the facts, and requested the plaintiff himself to make no further payments to Gunn. The plaintiff thereupon completed the building himself by continuing the subcontractors and laborers employed by Gunn, and paying them at their contract rate with Gunn.

There was no evidence of any departure from the contract by the principals, nor any evidence on which the question of cancellation could have been submitted to the jury, nor is there any evidence that the cost of the building substantially exceeded the contract price.

The plaintiff's recovery in the case was for $1,163.18. The answer of the defendant, Ogden, admits that, of the two first instalments paid by plaintiff to Gunn, only four hundred dollars was used for the payment of labor and material in the building. The answer states that, at the date of the payment of the second instalment of eight hundred dollars, lienable claims to the amount of twelve hundred dollars existed against the building, and as there is no evidence that Gunn paid any of them, the payments made by plaintiff, so far as Ogden is concerned, for all the labor and material in the building are shown to amount to less than the contract price.

The evidence further tended to show that amounts justifying the recovery in this case were paid by plaintiff and his agent for labor and material ; that these amounts were paid upon contracts made by Gunn for such labor and materials upon a list furnished by himself, but not preserved in the record.

In view of the arguments now made it is proper to add that, so far as the record discloses, no exceptions were saved by either defendant to the admission of evidence on the question of payments. Nor did either of the defendants move to exclude any item from the consideration of the jury on the ground of a failure to prove that such item was one for labor and material actually entering into the construction of the building.

It will be seen from the foregoing that the sureties defended on different theories. Bickel, mainly on the ground that the plaintiff's failure to pay the third instalment and his subsequently taking charge of the work amounted to a cancellation of the contract and released him as surety. Ogden, mainly on the ground that the payment of the two first instalments was, under the facts of the case, in fraud of his rights as a surety and debarred plaintiff's recovery. The former maintains, in substance, that plaintiff was bound to pay all the instalments to Gunn, regardless of the fact whether the money was used by Gunn for the payment of subcontractors and materialmen. The latter maintains, in substance, that plaintiff had no right, as against Gunn's sureties, to pay him any of the instalments unless Gunn first satisfied the labor and material used in the building up to that date.

In support of the theory of the law, as applicable to the facts, the defendant, Bickel, asked the court to give the following instructions to the jury :

"1. The jury are instructed that if they find, from the evidence, that the plaintiff assumed the control and completion of the building in question in the contract in evidence, and refused to furnish the defendant, Gunn, with the money when any instalment under con,

tract became due, then the jury may infer a mutual cancellation between Gunn and Casey of the contract sued on, and the verdict should be for the defendants."

"2. The jury are instructed that if they find, from the evidence, that the plaintiff refused to pay the third instalment when due, to the defendant, Gunn, and refused to honor and pay orders from said Gunn to materialmen at the time and after said third instalment was due, then the jury will find a verdict for the defendants."

The defendant, Ogden, in support of his theory of the law, asked the following instruction:

"2. The court instructs that if the jurors believe and find, from the evidence, that, prior to the payment of the two first instalments to defendant, Gunn, provided for in the contract, which has been introduced in evidence, there was anything owing by the defendant, Gunn, to artisans or others employed in the erection of the building in question, or that there were any liens on said building, or that the said Gunn had failed to satisfy all and every claim on said building for labor and material done and furnished thereon and therein by other parties under contracts made therefor between them and the said Gunn, that the plaintiff, at the time of paying said instalments, knew, or, by the exercise of ordinary care, might have known, that said moneys were owing, or that said liens were on said building, or that said claims on said building were unsatisfied, all as aforesaid, and that the said instalments were paid as aforesaid, without the knowledge of the defendant, Ogden, then the jurors should find a verdict for the said defendant, Ogden."

The court refused these instructions, and also refused to give instructions in the nature of a demurrer to the evidence asked by the sureties. The court gave other instructions asked by the defendants, to the effect that plaintiff could not recover for material and labor furnished which the evidence failed to show went into the building.

The question of rescission, cancellation, or abandonment, when there is no substantial conflict in the testimony, is a question of law and not of fact. *Pratt v. Morrow*, 45 Mo. 404; *Henry v. Basset*, 75 Mo. 90, 95. There was no substantial conflict here. The fact that the plaintiff refused to pay the third instalment when claims for labor and material for a large amount remained unpaid, was evidence of the exercise by him of a right distinctively reserved by the terms of the contract, and no evidence of an abandonment. Nor was the fact that, upon the contractor's refusal to proceed with the work, the plaintiff had it completed under his own supervision, evidence of such abandonment, since it was the only alternative the plaintiff had.

The propositions raised by the instructions of the defendant, Ogden, are equally untenable. His counsel argue that if plaintiff was not compelled to pay the claims of materialmen and laborers which he paid, then such payments were voluntary and cannot be recovered from the sureties. On the other hand, if plaintiff made payments to Gunn after lien claims against the building existed, such payments were made in derogation of the sureties' rights, and discharged them. Both these propositions are correct when applied to a proper state of facts, but lose sight of some controlling elements in the present case.

The defendants are sureties in a bond with collateral conditions. They are parties to the contract and as such as much original promisors as Gunn himself. Their agreement is not to discharge liens against the building, or to save the plaintiff harmless from such liens, but to erect, build, and finish the structure for the sum of $3,194, the promise to pay for all the labor and material being implied. *Krey v. Hussmann*, 21 Mo. App. 343. The agreement was enforceable even though no liens could have been enforced against the building. *Luthy v. Woods*, 6 Mo. App. 71. And the plaintiff was not bound to wait until liens were actually filed. If materialmen and laborers were not paid by the defendants, it

was, by the terms of the contract, optional with the plaintiff to discharge their claims. When, therefore, the court submitted the case to the jury on a theory that the claims discharged by plaintiff must have been lienable claims, to give him recourse against the sureties, it submitted the case on a theory more favorable to defendants than they were entitled to.

The second proposition contended for by Ogden is also unsupported by the facts. It rests on the theory that the surety is entitled to all the securities which the plaintiff had against the contracting principal. If in this case the evidence had disclosed that money was paid to Gunn either when, by the terms of the contract, it was not payable, or that it was paid with notice of existing claims against the building, then the proposition contended for would find some support in the cases of *Taylor v. Jeter*, 23 Mo. 250, and *Watkins v. Pierce*, 10 Mo. App. 595. But it appears in this case that the two first instalments were paid when they were payable by the terms of the contract, and it is not shown that, at the date of their payment, any lien claims were filed or even threatened to be filed.

We find no error in any part of the record of which the defendants can justly complain.

Judgment affirmed. Judge Thompson concurs. Judge Lewis is absent.