Oberbeck v. Mayer.

GUSTAV H. OBERBECK *et al.*, Respondents, v. HENRY MAYER *et al.*, Defendants; THOMAS F. HAYDEN, Appellant.

St. Louis Court of Appeals, November 7, 1894.

1. **Builder's Bond:** CONCLUSIVENESS OF ADJUDICATION OF LIEN. A judgment establishing a mechanics' lien in favor of a subcontractor is conclusive against the sureties on a bond against such liens, given by the original contractor to the owner of the building.

2. ————: LIABILITY FOR UNADJUDICATED CLAIMS. And where the condition of the bond provides not only for indemnity against liens, but also for the repayment of all outlays of the owner on account of the work done on or materials furnished for the building, a liability on the bond accrues when the original contractor is bound but fails to pay claims for such work or materials, and the owner pays the same to prevent the filing of liens therefor; it is immaterial, in such case, whether the liens could have been overthrown by a proper defense of proceedings for their enforcement.

3. ————: CONSIDERATION. When the bond is given by the original contractor to the owner after the contract between them has been entered into and the work has been commenced thereunder, but this is done in pursuance of an antecedent agreement for the bond, no new consideration for the bond is essential.

4. ————: IDENTIFICATION OF CONTRACT GUARANTEED. When a bond recites that it is given for the performance of a contract of a stated date, and that it is annexed to such contract, but it is annexed to a contract of a different date, the sureties in the bond can only be held for the performance of the latter contract upon proof that they authorized the annexation, or knew, when they signed the bond, that it related or was to be annexed to said latter contract.

5. **Practice, Trial**: ORAL REMARKS OF COURT, ON EXAMINATION OF JURORS ON VOIR DIRE. The prohibition against oral instructions to the jury does not apply to oral remarks made by the trial court to jurors on the examination on *voir dire,* explaining what will and what will not disqualify them.

6. **Practice, Appellate**: REMANDING OF ACTION AT LAW FOR RETRIAL ON SPECIFIC ISSUES. When error in the trial of an action at law relates only to distinct and specific issues, the cause may be remanded for retrial as to them alone, if they are in no way dependent for their proper trial on the remaining issues and the latter have been satisfactorily tried.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellant.

*W. M. Kinsey* for respondents.

ROMBAUER, P. J.—This is an action upon a builder's bond against the contractor and his sureties. The breaches complained of are that the contractor failed to pay for the material and labor which entered into the construction of the building; that, in consequence thereof, liens were filed against it in excess of the penalty of the bond, and that these liens had been discharged by the plaintiff owners, obligees in the bond. The trial of the cause before a jury resulted in a verdict and judgment for the plantiff for the full amount of the bond. From this judgment one of the sureties alone appeals.

Numerous defenses were interposed by the answer of the contesting surety. The substantial defenses made at the trial and urged on this appeal are: *First.* That the bond does not sufficiently identify the contract, and there is a fatal variance between the contract

and the 'bond. *Second.* That the bond was executed after part performance of the contract, and is not supported by any independent. consideration so as to bind the surety. *Third.* That several of the lien accounts were unenforcible as liens, and hence could not be taken into account in measuring the plaintiff's damages. *Fourth.* The contractor was prevented by the violence of one of the plaintiffs from completing his contract. Error is assigned that the court ruled erroneously on these propositions, and further complaint is made that the court, upon the examination of the jurors on *voir dire*, made a remark which was in the nature of an oral instruction.

The conditions of the bond sued upon bind the obligors to keep the obligees harmless and indemnified from and against all and every claim, demand, judgment, liens, mechanics' liens, costs and fees of every description incurred in suits or otherwise, against the building erected under said contract, *and to repay to the obligees all sums of money which they may pay to other persons on account of work and labor done or materials furnished on or for said building.* The italics are our own.

Upon the trial the plaintiffs gave in evidence the amounts which they paid for material and labor which entered into the construction of the building, and for which the contractor was bound to pay, and had failed to pay. They followed up this evidence by showing that liens were filed by the claimants on account of such labor and material, and that the plaintiff failed to pay such liens, including costs, to the amount of over $1,600. The payments made to the contractor, and upon his order, had exhausted the entire contract price. All of these liens, with two exceptions, had ripened into judgments against the property, and, as far as the judgments were concerned, the

sureties were concluded as to the validity of these claims. *McFall v. Dempsey*, 43 Mo. App. 369.

An argument, however, is advanced in regard to the two lien claims which had not ripened into judgment, that they were defective as lien claims. While there was some conflict of evidence on that subject, and the surety would be precluded by the finding of the jury on that question in any event, the validity of the claims as lien claims does not determine the surety's liability. In that respect the case was tried on a theory more favorable to the surety than he had a right to demand. Assuming that the bond referred to the contract, all that the plaintiffs were bound to show under the condition of the bond italicized above, was that they paid for labor and material for which the contractor was bound to pay, and had failed to pay, and that they did so to prevent the filing of any liens against their property. *Krey v. Hussman*, 21 Mo. App. 343; *Casey v. Gunn*, 29 Mo. App. 14, 24. As the plaintiffs made proof of this fact in every instance, it was in effect immaterial whether any of the claims had ever ripened into judgment against the property or not, or could have constituted valid liens against the property or not, if properly defended against. The plaintiffs in their proof went further than they were required to do. Of this, however, the appellant can not complain.

Touching the appellant's fourth complaint, there was evidence offered tending to substantiate it on the part of the defendants. The plaintiffs offered evidence tending to show that the work was completed by the subcontractors under the contractor's direction, and that the contractor had no cause for abandoning the work, and in fact never did abandon it. All this evidence was submitted to the jury under an instruction given at the instance of the appellant, and, as the

evidence was conflicting, the appellant's assignment of error on that score is not tenable.

Upon the examination of one of the jurors *voir dire*, it appeared that he was a brother lodge member of one of the plaintiffs. He was thereupon asked by defendant's counsel whether this fact would not lead him to decide in plaintiff's favor, if each side produced the same amount of evidence; to which he replied in the affirmative. The juror was then challenged for cause. The court then addressed the juror, stating that the attorney's question was somewhat misleading, and added: "Under the law, before the plaintiff would be entitled to recover anything, the jury would have to be satisfied, by a preponderance of evidence in favor of the plaintiff, that the claim was a just claim. Now, the question is whether you could hear the evidence in this case and fairly consider both sides, and reach a fair and impartial verdict without leaning in favor of one side or the other." These observations of the court are challenged as prejudicial to the defendants' case, and as being in effect an oral instruction. The remark of the court, that the question was misleading, was not a reflection on the integrity of counsel in any sense. What is meant by the same amount of evidence is certainly not very clear to a layman, and often not even to a lawyer, nor can the court be restrained by a prohibition against verbal instructions from explaining to the jury on *voir dire* what fact will or will not work their disqualification. The supreme court has decided, in *Hudson v. Railroad*, 53 Mo. 537, and *Keegan v. Kavanaugh*, 62 Mo. 232, that questions put to a juror what his decision would be in a hypothetical state of the evidence are inadmissible as foundations of a challenge for cause; and, as this juror was subsequently excused by the defendant, and did

not sit upon the panel, the occurrence furnishes no just ground of complaint.

This brings us to the two close propositions which arise in the case, namely, was there any substantial evidence in the case that the bond was supported by a sufficient consideration, and was there substantial proof that the bond had reference to the contract under which the house was erected. The appellant claims that both these propositions must be answered in the negative.

The contract was signed by the contractor on March 31, 1891, and was subsequently modified in writing on May 8, 1891. The contractor went to work shortly after the modification, and had constructed part of the building when he gave the bond on June 1, 1891. The bond is dated June 1, 1891, and refers to a contract of *even date herewith and hereto annexed*, but there was no evidence that the contract was annexed to the bond when the sureties signed the latter; in fact, it is conceded that the bond was not thus annexed. The contractor testified that there was no understanding, when the contract was signed by him, that he would have to give a bond, and that no bond was exacted from him until the first payment under the contract was due, at which time the plaintiff declined to pay him unless he would furnish bond first. On the other hand the architect's testimony on that subject is as follows:

"*Q.* What did you say when he (the contractor) came into your office, and you informed him that he was the successful bidder, about the bond? *A.* I told him at that time that he would have to furnish bond, and made the bond as reasonable as I could.

"*Q.* What did he say? *A. Oh, he said he would furnish a bond.*

"*Q.* Was that before or after the building contract was entered into? *A.* The understanding, that he had to furnish a bond *was before the building contract was entered into.*"

It was decided in *Ring v. Kelly,* 10 Mo. App. 411, that no action can be maintained against a surety in a bond given by a builder to indemnify the owner against liens, where the bond is given after the execution of the contract and commencement of the work by the builder, unless the bond is supported by some new consideration. This decision was based partly on *Pleiffer v. Kingsland,* 25 Mo. 67, where it is said by SCOTT, J., that "a sufficient consideration, or recompense, or motive, or inducement to make the promise upon which a party is charged, *is of the essence of a contract not under seal,* except in cases where the statute law has introduced a different rule." *Ring v. Kelly* was, like the case at bar, an action upon a sealed instrument, and the statement in the opinion was probably too broad. However that may be, the trial court tried this cause under the rule laid down in *Ring v. Kelly,* where it is said that "an antecedent promise to give a bond would probably have been a sufficient consideration for the subsequent giving of it," and instructed the jury that, unless they found such antecedent promise, the plaintiffs could not recover. The jury having found such antecedent promise upon substantial evidence, the appellant is in no position to complain.

It is an elementary proposition that the surety is a favorite of the law, and that his liability is *strictissimi juris.* "To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further." *Miller v. Stewart,* 9 Wheat. 680. The difficulty here lies not with the statement of the rule, but with its application to the facts of the case. The surety's liability depends upon the identity of the

contract. In *Noffsinger v. Hartnett*, 84 Mo. 549, the principal took an appeal from the circuit court to this court, and upon this appeal gave bond to perform such judgment as the St. Louis court of appeals would render. This court reversed the judgment of the circuit court, and its judgment was in turn reversed by the supreme court. SHERWOOD, J., held that, the court of appeals having reversed the judgment of the circuit court, the surety was discharged notwithstanding the subsequent reversal of its judgment by the supreme court. From that view, however, all his associates dissented, holding that if, on the reversal of the judgment of the court of appeals, the mandate had been sent to that court, as it should have been, and that court had entered up a judgment in obedience to the mandate, the liability of the surety on the appeal bond would have been within the express terms of his obligation. As this, however, was not done, but the mandate was sent directly to the circuit court, the surety was discharged, since there was no legal fiction that the judgment of the supreme court reversing one rendered by the court of appeals becomes the judgment of the latter court. It will be thus seen that the opinion of a majority of the court in that case is also to the effect that the surety's liability depends on the letter of the bond, although it concedes that it may be brought within the letter by a mere legal fiction. How rigidly this rule is enforced is seen by the decisions in *Winston v. Rives*, 4 Stewart & Porter, 269; *Sharp v. Bedell*, 10 Ill. (5 Gillman) 88; *Myres v. Parker*, 6 Ohio St. 501; *State v. Medary*, 17 Ohio, 565, and *Wood v. Fisk*, 63 N. Y. 245; all of which are cited with approval in *Bauer v. Cabanne*, 105 Mo. 118.

The plaintiffs contend that the mere misrecital of the date of the contract in the bond should not vitiate the latter, since on the one hand the contract refers to

sureties, and on the other hand the bond refers to a contract *hereto annexed.* It is claimed that by reading the two papers together there is sufficient to identify the contract guaranteed. This argument is obviously fallacious in view of the conceded facts that, when the contract was executed, no bond was in existence, and that the contract was not annexed to the bond when the latter was signed by the sureties. Conceding that there are two ways of identifying the contract, by its date and by its annexation, and that the contract may be identified either way, it is certainly not identified in the absence of both identity of date and actual annexation. It will not be contended that the plaintiffs had a right to annex the bond to any contract they may have had with the principal, in the absence of any evidence that they were authorized by the sureties so to do. We have not been pointed to any part of the record tend- to show that they were thus authorized.

These observations necessarily lead to a reversal of the judgment. The case has been properly tried in other respects, and there is no necessity for retrying other issues. We have no fault to find with the ascertainment of the *extent* of the liability of the sureties, provided they are liable at all. The jury, under evidence fully warranting such finding and under appropriate instructions given to them by the court, have found that the contractor was not prevented from completing his contract through the fault of the plaintiffs. The jury have further found in the same manner that, if the sureties are to be held at all, they are to be held for the full amount of the bond. The record shows that all the evidence which the defendants in all probability have on that subject has been fully presented. These issues and the issues touching the identity of the contract are distinct issues, and the finding on one of them is in no way connected with the finding on the other.

There is, therefore, no necessity for the retrial of these first two issues, as they were tried free from error. The supreme court has repeatedly held that a cause may be remanded for the retrial of specific issues only, leaving the finding on other issues in the case intact. *Hurck v. Erskine*, 50 Mo. 116; *Chouteau v. Allen*, 70 Mo. 290; s. c., 74 Mo. 56. Our practice act expressly provides for the separate trial of issues, if in the opinion of the court separate trials are proper. R. S. 1889, sec. 2134. Where the error in the trial relates to certain issues only, which are in no way dependent for their proper trial on certain other issues already satisfactorily tried, no valid reason is perceptible why a cause may not be remanded for the trial of the issue erroneously tried and for that alone.

The judgment is reversed and the cause remanded for the trial of the sole issue, whether the sureties knew, when they signed the bond, that the same related to or was to be annexed to the plaintiff's contracts with Meyer of March 31 and May 8, 1891, or whether they knew the contents of these contracts and that Meyer had no other contracts with the plaintiffs, which fact, if shown, would establish the identity of the contract guaranteed. If they knew this, they ought to be held liable for the full amount of the bond. If they did not know it, judgment should be entered in their favor. This issue, if either of the parties so desire, may be tried as a special issue under the provisions of sections 2162 and 2163 of the Revised Statutes of 1889. So ordered. All the judges concur.