GUSTAV H. OBERBECK *et al.*, Respondents, v. HENRY MEYER *et al.*, Defendants; THOMAS F. HAYDEN, Appellant.

St. Louis Court of Appeals, October 27, 1896.

The Evidence in this cause is considered, and is held sufficient to support the judgment of the trial court.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

*W. M. Kinsey* for respondents.

ROMBAUER, P. J.—This is an action upon the bond of a builder against him and his sureties. Judgment was recovered against all the defendants, but one of the sureties alone appeals. The case is here upon the second appeal by the same surety. When it was here last, a number of errors were assigned by the appellant, all of which with one exception we adjudged against him. We found no sufficient evidence in the record then before us that the contract broken and the contract guaranteed by the bond were identical, and, as the surety's liability depends upon the identity of the contract, we remanded the cause for new trial in order to give the plaintiffs an opportunity to supply this *hiatus* in their proof.

In remanding the cause we said: "The judgment is reversed and the cause remanded for the trial of the sole issue, whether the sureties knew, when they signed the bond, that the same related to or was to be annexed to the plaintiffs' contracts with Meyer of March 31 and May 8, 1891, or whether they knew the contents of these contracts and that Meyer had no other contracts with the plaintiffs, which fact, if shown, would establish the identity of the contract guaranteed. If they knew this, they ought to be held liable for the full amount of the bond. If they did not know it, judgment should be entered in their favor." *Oberbeck v. Meyer*, 59 Mo. App. 289, *loc. cit.* 298.

The cause was retried before the court sitting as a jury, and again resulted in a judgment for the plaintiffs. The plaintiffs gave evidence tending to show that the contract guaranteed by the defendant was the only contract they had with the principal in the bond, and

that the defendant's firm or corporation had the contract for slating the same house; that the appellant admitted that he had signed a bond securing the performance of the contract by the principal for the construction of the house in question, and that, when controversies arose between the plaintiffs and the builder, the appellant advised the plaintiffs what to do. They also gave evidence tending to show that the defendant at that time knew that his name was on the bond for the performance of the work; also that the appellant knew that the bond was to be attached to the contract guaranteed.

The only question before us on this appeal is, whether, upon a retrial of the cause, there was any evidence before the court supplying the *hiatus* in plaintiff's proof upon the first trial. Taking a view, which is most favorable to plaintiffs, of all the evidence, we are not prepared to say that the case is devoid of *any* evidence tending to show such facts, and hence affirm the judgment. Judgment affirmed. All the judges, concur.