SUBURBAN MUTUAL BUILDING AND LOAN ASSOCIATION, Respondent, v. J. D. PAULUS et al., Defendants; JOHN M. SELLERS et al., Appellants.

St. Louis Court of Appeals, April 18, 1899.

1. **Building Contract:** INDEMNIFYING BOND: EVIDENCE. There are two means of identifying the contract referred to in the bond, namely, the fact that the contract was of the same date as the bond, or proof that it was attached to the bond, at the time the latter was signed. Held, that if neither of the above facts should appear, yet if it be shown that the contract relied on was in fact in existence, that it had been signed and the sureties were so advised and that they contracted in reference to it, this would be sufficient to carry the question of the identity of the contract to the jury.

2. **Practice, Trial:** FORM OF JUDGMENT. The judgment of the trial court should have been for the penalty of the bond with execution for the damages assessed by the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED (with directions).

FREDERICK A. WIND for respondent.

The answer admits the execution and delivery of bond and contract sued on. It nowhere raises the issue made on the trial that no contract was annexed at the time of execution of the bond, or that the contract now annexed was sub-

sequently made. The question of the identity of the contract was presented to the jury under instruction number 2 asked by plaintiff, and instructions 3 and 4 asked by defendants. The verdict is conclusive on that question of fact. Oberbeck v. Mayer, 59 Mo. App. 298; s. c., 67 Mo. App. 249. The building association does not claim any greater rights than Mrs. Tracy possessed. What it paid in discharge of lien judgments and for counsel fees was for her benefit and she so recognized it by making formal assignment of the bond. If the bond were not assigned she could maintain an action for her own use, as payments made by the building association as mortgagee became an additional charge on her real estate. The bond was delivered to the building association as additional security to the mortgage or deed of trust. It was not necessary to offer expert testimony on the subject and the jury would not be bound by their opinion. Cosgrove v. Leonard, 134 Mo. 419. This was not an action by counsel for fees; it was an action upon a bond conditioned to keep "Laura B. Tracy harmless and indemnified from and against all and every claim, demands, judgments, liens and mechanic's liens, costs and fees of every description incurred in suits or otherwise." The amount paid is *prima facie* the damages. If the admission of Hayden's testimony concerning reasonableness of fee was error, it is harmless and this court is prohibited by statute from reversing a cause except for "error materially affecting the merits." R. S. 1889, sec. 2303. An error seems to have been made by the circuit clerk in entering the judgment, as it was entered for the amount of the damages, instead of for penalty of the bond with execution for damages as required by statute. R. S. 1889, sec. 869.

RASSIEUR & RASSIEUR for appellants.

When a bond recites that it is given for the performance of a contract of a stated date, and that it is annexed to such

contract, but it is in fact subsequently annexed to a contract of a subsequent date, the sureties in the bond can not be held for the performance of the latter contract, except upon proof that they authorized the annexation, or knew when they signed the bond that it related, or was to be annexed to, such latter contract.   Overbeck v. Mayer, 59 Mo. App. 289.   The assignee of a bond can have no greater rights against the sureties than the original obligee.   He can only recover the amounts paid and damages sustained by the original obligee, and not damages which the assignee may have sustained.   4 Am. and Eng. Ency. of Law [2 Ed.], p. 648, note. If such value could be said to be a matter of common knowledge, then the question calling for the witness' opinion was also improper.   Benjamin v. Railway, 133 Mo. 274, 289; State v. Dusenberry, 112 Mo. 277, 292.   A judgment upon a bond simply for damages, and not for the penalty, is erroneous.   State to use v. Fitzpatrick, 64 Mo. 185; State ex rel. v. Cooper, 79 Mo. 464; R. S. 1889, sec. 869.

BIGGS, J.—This is an action on a builder's bond.   The breaches assigned are, that the contractor failed to pay for materials used in the construction of the building; that in consequence thereof mechanic's liens were filed against the house to secure the amounts of the unpaid claims; that judgments were rendered on the claims and enforcing the liens, and that the plaintiff as the beneficiary in a deed of trust on the property and as the holder of the bond as additional security for its debt, was compelled to pay the amounts of the judgments and the costs of suit.   The bond bears date May 25, 1891, the penalty is $2,500, and it was signed by the Paulus & Williamson Architectural Company (the contractor) as principal, and by John D. Paulus, D. C. Williamson, John M. Sellers and T. F. Hayden as sureties.   Laura B. Tracy is named as obligee.   The conditions of the bond are "that whereas the said Paulus & Williamson Architec-

tural Company had upon the day of these presents executed and entered into a certain contract for the erection of certain buildings in said contract described: Now if the said Paulus & Williamson Architectural Co., shall well and truly perform and fulfill all and every covenants, conditions, stipulations and agreements in said contract mentioned to be performed and fulfilled, and shall keep the said Laura B. Tracy harmless and indemnified from and against all and every claim, demand, judgments, liens and mechanic's liens, costs and fees of every description incurred in suits or otherwise, that may be had against her or against the buildings to be erected under said contract * * * then this obligation shall be void," etc. Judgment was asked for the amounts of the judgments and costs in the mechanic's lien suits, and also $50 attorney fees expended by plaintiff in defending the suits.

The defendants Sellers and Hayden admitted in their separate answers that they signed the bond, and they averred that whatever work was done or materials furnished by the Paulus & Williamson Architectural Company in the construction of the house for Mrs. Tracy, "was done or were furnished under and in pursuance of the contract between said parties, which is recited and referred to in the bond." The answer then set up various changes in the work without their knowledge and consent, and other special defenses which need not be set forth, as no assignments of error are made concerning them.

At the trial it was undisputed that the plaintiff satisfied two judgments enforcing mechanic's liens against the house, one for $213.35, and the other for $168.80, and that it also paid $50 attorney fees in defense of the suits. The plaintiff introduced testimony to the effect that at the time it paid the judgments it held a deed of trust on the property to secure a debt due it from Mrs. Tracy; that it also held the bond in suit as additional security for its debt and that

subsequently Mrs. Tracy made an absolute assignment of the bond to plaintiff in consideration of the amount so paid in satisfaction of the judgments. The contract relied on and read in evidence by the plaintiff is dated on the eighth day of June, 1891, whereas the bond is dated on the twenty-fifth of May, 1891. The contention of Hayden and Sellers was that this contract was not the one mentioned in the bond, that it is essentially different from the original contract, and that after the execution of the bond it was substituted for the original and the work thereunder was done without the knowledge of the sureties, wherefore they denied liability. Their evidence tended to prove this state of facts. On the other hand the plaintiff's evidence tended to prove that there was but one contract, namely, the one read in evidence, and that it was executed simultaneously with the bond in suit; that the obligors in the bond knew of its existence and contracted in reference to it. The jury returned a verdict for $525 damages, and instead of the court entering the statutory judgment for the penalty of the bond and providing for execution for the amount of damages assessed (R. S. 1889, sec. 869), it entered an ordinary judgment for $525. The defendants Sellers and Hayden have appealed.

The liability of Sellers and Hayden is *strictissimi juris*, and to hold them on the bond it devolved on the plaintiff to show by competent proof that the contract of date June 8, was in existence at the time the bond was executed, to wit, May 25, and that it is the identical contract referred to in the bond, and that it was either attached to the bond at the time, or that the sureties were advised of its existence when they signed the bond and knew that it was the contract referred to in the bond. This court in the case of Oberbeck v. Mayer, 59 Mo. App. 289, indicated two means of identifying the contract in such a case, namely the fact that the contract was of the same date of the bond, or proof that it was attached to the bond at the time the latter was signed.

While these means of identification are the most satisfactory, we do not think that they are exclusive. If neither of these facts should appear, yet if it be shown that the contract relied upon was in fact in existence, that it had been signed and the sureties were so advised, and that. they contracted in reference to it, this would be sufficient to carry the question of the identity of the contract to the jury. The plaintiff's evidence tended to make out such a case and the instructions on both sides submitted the issue upon that theory. The instruction of the defendant is as follows:

"The court further instructs the jury that it is incumbent upon plaintiff to prove that the contract under which said building was erected for Laura B. Tracy, was the same contract referred to in the bond signed by the defendants Sellers and Hayden, and unless you find it to be a fact that the contract dated June 8, 1891, was the contract referred to in the bond of May 25, 1891, and that said contract was in existence and was executed by the parties at the time of or simultaneously with the execution of the bond by Sellers and Hayden, then you must find a verdict for defendants Sellers and Hayden."

INSTRUCTION.

We therefore rule that the question of the identity of the contract was properly submitted to the jury and the finding being against the sureties, they are bound by it.

It is urged that as Mrs. Tracy paid nothing on account of the defaults of the principal in the bond, and the plaintiff paid nothing subsequent to the absolute assignment of the bond to it, there are no breaches of the bond for which plaintiff can sue. There are two answers to this: First, at the time the plaintiff paid the judgments it held a deed of trust on the land which was subordinate to the liens of the judgments, and it held the bond as additional security for its debt. Second, under the terms of the deed of trust the amounts so paid by plaintiff became a part of the mortgage debt. Under the first an independent right of action on

the bond accrued to plaintiff upon the satisfaction by it of the judgments.   Under the second state of facts, by redeeming the bond from the pledge Mrs. Tracy could have maintained an action thereon on account of the payments made by plaintiff, as such payments became additional charges against her real estate, and this right passed to the plaintiff by the assignment of the bond, thus giving plaintiff the two-fold right to sue thereon. .

The secretary of the plaintiff corporation testified that the plaintiff paid $50 to its attorney for defending the suits to enforce the mechanic liens.   He also stated that the fee was reasonable.   This last statement was objected to by the appellants, the contention being that the witness was not qualified to speak as to the reasonableness of the fee. Although the witness is not a lawyer, we are inclined to think that his opinion was worth something.   He testified that he personally managed the suits, and that he had a great deal of experience in such litigation.

The judgment is erroneous and must be corrected either in this court or in the circuit court.   As to the form of the judgment the statute is plain and mandatory.   It should have been for the penalty of the bond with execution for the damages assessed by the jury.   (State v. Fitzpatrick, 64 Mo. 185.)   The better practice is to have the correction made in the circuit court.   The judgment will therefore be reversed and the cause remanded, with directions to the circuit court to enter the proper judgment. Notwithstanding the reversal the costs of the appeal will be taxed against the appellants. This court decided in McCord v. Railroad, 21 Mo. App. 317, that the appellant can only recover the costs of the appeal when he succeeds in having the judgment changed or modified to his advantage. , All the judges concur.